OPINION. Black, Judge: In these proceedings we have no issue as to the amounts of petitioners’ income, which, as shown in our findings of fact, was from several sources. The only question is whether petitioners are entitled to report the profits from the sales of certain rental properties as long term capital gains and taxable on only 50 per cent thereof, as petitioners contend, or whether they are taxable on 100 per cent thereof as the Commissioner has determined. In addition to the income which petitioners reported from the sale of these rental properties, they also reported gross income on the community property basis from rentals received, commissions on insurance written, commissions on the sale of real estate, and profits from the sale of houses and lots in subdivisions which petitioner had developed. All of these latter were reported as ordinary income and taxable on 100 per cent thereof. The only income which petitioners reported as long term capital gains was the profits from the sale of the rental properties described in our findings of fact. Petitioners claim the right to do this under the provisions of section 117 (j), added to the Internal Revenue Code by section 151 of the Revenue Act of 1942. Respondent concedes that is the applicable section, but denies that petitioner is entitled to the benefit thereof under the facts. It is printed in the margin.[1] For a discussion of the 1942 amendments containing section 117 (j) as applied to losses on the sale of such assets, see Leland Hazard, 7 T. C. 372; William H. Jamison, 8 T. C. 173; and Solomon Wright, Jr., 9 T. C. 173. In the Leland Hazard case, we said: * * * Section 151 (b) of the 1942 Act added the new subsection (j), covering, as its title indicates, “Gains and Losses From Involuntary Conversions and From the Sale or Exchange of Certain Property Used in the Trade or Business.” This section provides for special treatment where gains exceed losses from involuntary conversions and from the sale of certain property used in a trade or business. Such gains are treated as capital gains. This is a relief provision for the benefit of such taxpayers as come within its provisions. Losses in excess of gains in respect to such property are still treated as ordinary losses allowable in full. * * * In the above cited cases we held that under the provisions of section 117 (j) of the code the losses incurred from the sale of rental property should be allowed as ordinary losses and deductible in full. However, as pointed out in the Hazard case, supra, the situation is different when the sale of such property results in a gain. In such a case the gain, under the provisions of section 117 (j), is taxable as capital gain and not as ordinary income. In other words, under the provisions of section 117 (j) the taxpayer is given the benefit of full deduction of any loss on a sale of rental property used in his trade or business, but the Government does not receive a corresponding advantage in the case of gain. We do not understand from respondent’s brief that he disputes the foregoing interpretation of the meaning of section 117 (j). However, he does contend that in the instant case the petitioner was holding the rental properties “primarily for sale to customers in the ordinary course of his trade or business.” Of course, if that were true, petitioner could not prevail even under the provisions of section 117 (j). Section 117 (j) does not change the rule of law that property held by a taxpayer “primarily for sale to customers in the ordinary course of his trade or business” is not a capital asset. However, it seems to us that petitioner has proved by overwhelming evidence that he purchased and held_these rental properties primarily for investment purposes. The fact that in the taxable years he received satisfactory offers for some of them and sold them does not establish that he was holding them “primarily for sale to customers in the ordinary course of his trade or business.” The evidence shows that he was holding them for investment purposes and not for sale as a dealer in real estate. It is true, of course, tnat petitioner was in the business of developing two subdivisions in the city of Dallas, namely, Cedar Crest and Clarendon Heights. He constructed houses on these properties and sold them at a profit. To this extent he was a dealer in real estate. That he does not deny and he has returned all of his gains from the sale of these Cedar Crest and Clarendon Heights properties as ordinary income. But a dealer can also be an investor, and, where the facts show clearly that the investment property is owned and held primarily as an investment for revenue and speculation, it is classed as a capital asset and not property held “primarily for sale to customers in the ordinary course of trade or business.” See E. Everett Van Tuyl, 12 T. C. 900, and Carl Marks & Co., 12 T. C. 1196. On the facts, we sustain the petitioner on the issue presented for our decision. Decisions will he entered wider Rule SO. SEC. 117. CAPITAL GAINS AND LOSSES. [[Image here]] (j) Gains and Losses From Involuntary Conversion and From the Sale or Exchange of Certain Property Used in the Trade or Business.— (1) Definition of property used in the trade or business. — For the purposes of this subsection, the term “property used in the trade or business” means property used in the trade or business, of a character which is subject to the allowance for depreciation provided in section 23 (1), held for more than 6 months, and real property used in the trade or business, held for more than 6 months, which is not (A) property of a kind which would properly be includible in the inventory of the taxpayer if on hand at the close of the taxable year, or (B) property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business. * * * (2) General role. — If, during the taxable year, the recognized gains upon sales or exchanges of property used in the trade or business * * * exceed the recognized losses from such sales, exchanges, and conversions, such gains and losses shall be considered as gains and losses from sales or exchanges of capital assets held for more than 6 months. If such gains do not exceed such losses, such gains and losses shall not be considered as gains and losses from sales or exchanges of capital assets. * * *