**S.E.C. CORPORATION, formerly known as Canaday Cooler Co., Inc.,**
Plaintiff,

v.

**UNITED STATES of America,**
Defendant.

United States District Court
S. D. New York.
March 8, 1956.

Irving Levine, New York City, for plaintiff.

Paul W. Williams, U. S. Atty., for Southern District of New York, New York City, by Milton E. Lacina, New York City, of counsel, for defendant.

PALMIERI, District Judge.

The plaintiff, a Delaware corporation, is engaged in the business of leasing and selling electric water, beer and frosted food coolers. It brings this action to recover alleged overpayments in income taxes for the years 1947 and 1948. The taxes were paid on profits realized from used coolers held for at least six months and sold to lessees while in their possession under standard rental agreements. The sole issue is whether these profits are taxable as ordinary income or long term capital gains.

Although the bulk of its business has consisted of rentals, plaintiff has sold both new and used coolers in the course of its normal business activity. When coolers were acquired, they were put into the taxpayer's inventory at cost. Some were sold directly from inventory and others were put out on lease under agreements generally providing for monthly payments and three year terms. During the lease period, depreciation was computed and allowed at the rate of 20% per annum. When leases terminated, unsold coolers were returned to inventory and set down at their depreciated cost plus cost of reconditioning. With this figure as the new base, some of the used coolers were sold directly from inventory. Others were again put out for rental. Coolers sold while out on lease were not physically returned to inventory but an adjusting entry was made at the time of sale and the base computed in the same fashion.

There is no issue with respect to gains on sales directly from the inventory account of either new or used coolers. The taxpayer concedes that profits from these sales were properly treated as ordinary income. It seeks, however, to segregate for tax purposes the profits on sales of those coolers from profits on coolers sold while out on lease, treating only the latter as capital gains.

Plaintiff may avail itself of the capital gains provisions of the Internal Revenue Code only if these coolers fall within the purview of § 117(j). Int.Rev. Code of 1939, § 117(j) (added 1942), 26 U.S.C.A. § 117(j). This section affords capital gains treatment under certain circumstances to a limited category of depreciable property used in the taxpayer's trade or business. Excluded from its benefits are properties

"* * * of a kind which would properly be includible in the inventory of the taxpayer if on hand at the close of the taxable year * *"

and

"* * * property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business." Int.Rev. Code of 1939 § 117(j) (1) (A, B).

The issue here arises under the second of these two exceptions. If the coolers in question fall within either exclusionary clause, the plaintiff is liable for ordinary income tax on gains from their sale. The Government maintains that the coolers were held primarily for sale to customers in the ordinary course of plaintiff's business. Its secondary contention that they would properly have been includible in inventory if on hand at the close of the taxable year is based on that premise. Plaintiff, on the other hand, argues that its sale of leased coolers represented so small a proportion of its normal business as to forbid the conclusion that they were held primarily for sale. Consequently, it argues, they were not properly includible in inventory and were not excluded from the coverage of § 117(j).

The special treatment afforded to capital gains and sought by the plaintiff herein can be justified only if the sales in question produced increment to the taxpayer distinguishable in its essential characteristics from ordinary income. Congress intended, in enacting the capital gains provisions, to deal with injustices resulting from taxation, at graduated yearly rates, of gains attributable to long-term accretions or conversions for purpose of reinvestment. See Rollingwood Corp. v. Commissioner, 9 Cir., 1951, 190 F.2d 263; 59 Yale L.J. 837, 1057 (1950); cf. Harriss v. Commissioner, 2 Cir., 1944, 143 F.2d 279. Depreciable property was excluded from this protected category. Int.Rev.Code of 1939, 117(a) (1). But gradual appreciations in value of such property frequently permitted realizations of gain over the depreciated base which were virtually eliminated by attributing them to a single year. To ameliorate the resultant hardship, Congress enacted the special remedial provisions of § 117(j) (1). See H. R. Rep. No. 2333, 77th Cong. 2d Sess. 54 (1942). The limitations on

the applicability of § 117(j) (1) must be interpreted in the light of this Congressional intent.

■ An initial problem of interpretation is presented by the statutory exclusion of assets held "primarily" for sale. Plaintiff contends that his coolers could not have been held primarily for sale since it is clear that his business was primarily occupied with leasing coolers. But many criteria have been advanced for determining when property is held "primarily" for sale, including the intent of the seller and the continuity and frequency of sales. Mauldin v. Commissioner, 10 Cir., 1952, 195 F. 2d 714. None of them is viewed as dispositive, each court tending to place greatest weight on the facts considered most significant under the circumstances. See, e. g. Harriss v. Commissioner, 2 Cir., 1944, 143 F.2d 279. The proportion of rental to sales income is considered, if at all, only as a single factor. Cf. Delsing v. United States, 5 Cir., 1951, 186 F.2d 59. Consequently, it has been held that the word "primarily," as used in the statute, is to be interpreted as meaning "essential" or "substantial" rather than "principal" or "chief." Rollingwood Corp. v. Commissioner, 9 Cir., 1951, 190 F.2d 263, 266. This view is sound. That sales in a given case bear a small proportion to rentals may be some ground for inferring that they were not a normal source of annual income to that taxpayer. But to consider this more than one possible inference would be to draw an unwarranted conclusion. The statute would become a source of windfalls rather than a relief from hardship. To say, on the other hand, that if sales are an essential part of the taxpayer's business they are a source of ordinary income, is to synthesize the general view that frequent or regular sales conducted with a view to market conditions and the availability of customers normally produce ordinary income.

In the instant case, the sale of new and used coolers clearly was an integral part of the plaintiff's business. Plaintiff advertised coolers as available for either purpose. Some of its coolers were never leased at all. And there is no evidence that the predominance of rental over sales income was anything but a normal characteristic of a rent-or-sell business in this industry. From all that appeared in the evidence, all plaintiff's coolers were held for disposal through whichever outlet materialized first or proved most advantageous. See Mauldin v. Commissioner, 10 Cir., 1952, 195 F.2d 714, 717; Rollingwood Corp. v. Commissioner, supra, 190 F.2d at page 266.

The sales of coolers out on lease cannot be distinguished from other sales by the plaintiff. Plaintiff has not shown that these coolers were segregated in any way from the rest of its stock in trade. From all that appears, the same cooler sold while out on lease might one month later have been sold directly from inventory. There is no evidence concerning the relative length of time for which the leased coolers were held that might justify excluding gains from their sale from income taxed on a graduated scale. See Rollingwood Corp. v. Commissioner, supra; Commissioner of Internal Revenue v. Shapiro, 6 Cir., 1942, 125 F.2d 532, 535, 144 A.L.R. 349. Plaintiff's lessees do not appear to have been an outlet for obsolescent or outmoded rental properties. Cf. A. Benetti Novelty Co. v. Commissioner, 13 T.C. 1072 (1942). All the evidence presented indicates that the coolers in issue were an indistinguishable part of a stock in trade held essentially for both sale and lease to customers.

■ To deny capital gains treatment to the plaintiff here does not imply that one actually holding property for investment would sacrifice his right to take capital gains upon its disposal merely because he also engaged in regular sales of the same type of property. See e. g., Phipps v. Commissioner, 2 Cir., 1931, 54 F.2d 469; Mary Alice Browning, 9 T.C.M. 1061 (1950); Farry v. Commissioner, 13 T.C. 8, 14 (1949). Whether property is held primarily for sale or for investment is a question of fact to be determined anew in each case.

Friend v. Commissioner, 10 Cir., 1952, 198 F.2d 285; Harriss v. Commissioner, supra. Plaintiff here did not hold or dispose of any of its coolers as investment properties. Rather, it took advantage of a going business to give gains from all its disposals the consistency of ordinary income. See Galena Oaks Corp. v. Scofield, 5 Cir., 1954, 218 F.2d 217; Home Co., Inc., v. Commissioner, 10 Cir., 1954, 212 F.2d 637. To carve out of its business for special tax treatment gains actually realized as a normal feature of the taxpayer's current business would not be consonant with the meaning and purpose of this statute.

Accordingly the complaint herein must be dismissed and judgment entered for the defendant. Findings of Fact and Conclusions of Law are filed herewith.