Argued November 29, modified December 15, 1965

# INDUSTRIAL REFRIGERATION AND EQUIPMENT CO. *v.* STATE TAX COMMISSION

408 P. 2d 937

*Donald C. Seymour,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Robert Y. Thornton, Attorney General, and Carlisle B. Roberts, Assistant Attorney General, Salem.

*Randall S. Jones,* Portland, argued the cause for respondent. On the brief were Garthe Brown and Robert G. Chidester, Portland.

*Dean Ellis,* Salem, argued the cause amicus curiae. With him on the brief were William H. Hedlund, Frank H. Spears, and McColloch, Dezendorf & Spears, Portland.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN, DENECKE, HOLMAN and SCHWAB, Justices.

## HOLMAN, J.

Plaintiff was an Oregon corporation subject to the state's corporate excise tax. The defendant, State Tax Commission, assessed deficiencies against plaintiff for corporate excise taxes claimed to be due for the years 1959 and 1962. This suit was instituted by plaintiff in the Oregon Tax Court seeking a redetermination of the deficiencies so assessed. The Commission has appealed from a determination of the Tax Court that no deficiencies existed.

The claimed deficiencies occurred as a result of plaintiff's claim to and the Commission's disallowance of the personal property tax offset against corporate excise taxes provided by ORS 317.070(2) which is as follows:

"(a) Each corporation subject to subsection (1) of this section which is primarily engaged in manu-

facturing, processing or assembling materials into finished products for purposes of sale is entitled to an offset against the tax imposed by subsection (1) of this section.

"(b) The offset shall equal either (A) the amount assessed to and actually paid by it upon its properly classified tangible personal property located in this state and allocable to its personal property comprising the materials, goods in process and finished goods produced and held for sale described in the preceding paragraph or (B) one-third of its excise tax payable under this chapter, whichever is the lesser."

The only issue before the court is whether for the two years in question plaintiff was "primarily engaged in manufacturing, processing or assembling materials into finished products for purposes of sale  *  *  *." Plaintiff claims "primarily" means "substantially." The Commission claims it means "chiefly" or "principally" and therefore means more than 50 per cent.

There is no dispute concerning the facts. Plaintiff's business activities were (1) manufacturing and assembling of refrigeration equipment, (2) rental of equipment, (3) miscellaneous sales, and (4) service of equipment. For the two years in question the dollar volume of plaintiff's receipts from these activities was as follows:

|  | 1959 | 1962 |
|---|---|---|
| Manufacturing and assembling | 46.18% | 30.93% |
| Rentals | 16.40% | 23.64% |
| Sales | 7.87% | 12.57% |
| Service | 29.55% | 32.86% |

These figures reveal that in neither year did plaintiff's receipts from manufacturing and assembling equal 50 per cent of its total dollar volume. They

also reveal that in 1959 such activity was the largest single source of business, but that in 1962 it was exceeded by receipts from service.

■ We believe that "primarily" means "chiefly" or "principally" but that it does not necessarily mean "over 50 per cent." The Commission contends that in determining the ratio of activities only two factors should be considered—manufacturing and nonmanufacturing—and that plaintiff is not entitled to the offset as it was primarily engaged in nonmanufacturing activities. We cannot accept this premise. If the legislature so intended, it could have used the words "over 50 per cent" or similar words describing more than half. It did not. "Primary" can be given its usual meaning without requiring that it be more than 50 per cent.

To construe "primarily" as meaning "substantially" does not appeal to us as being a very practical solution to the problem. What is substantial: 25 per cent, 10 per cent, 2 per cent? If such a construction were given, it would create more problems than it solved. Black's Law Dictionary, 4th ed., defines "primarily" as meaning "first, principal, chief or leading."

The word "primarily" has elsewhere been construed to mean "principal" or "chief." In *Pacific N.W. Alloys v. State,* 49 Wash2d 702, 306 P2d 197 (1957), the word was so construed when used in a statute which exempted from a use tax any chemical used in processing "when the primary purpose of such chemical is to create a chemical reaction directly through contact with an ingredient of a new article being produced for sale."

In *People v. Berry,* 147 Cal App2d 33, 304 P2d 818 (1956), the court held that "primarily" meant "chiefly"

or "principally" when used within a statute exempting from building permit requirements any building not intended primarily for occupancy by human beings.

In *Friedman Textile Co. v. Northland Shopping Center*, 321 SW2d 9 (Mo. 1959), the word "primarily," as used in a lease providing that a children's store shall be construed as a type of store engaged "primarily in handling and offering for sale children's merchandise," was held to be synonymous with "chiefly, principally or mainly."

For cases that determine the meaning of "primarily" not to be "principally" or "chiefly," but to be of more consequence than "substantially," see *South Carolina Pub. Serv. Auth. v. Federal Power Com'n*, 200 F2d 78 (4th Cir 1952); *Mid-South Chemical Corp. v. Carpenter*, 14 Ill 2d 514, 153 NE 72 (1958); *Safin v. Jones & Laughlin Steel Corp.*, 166 Pa Super 142, 70 A2d 703 (1950).

There are cases which sustain plaintiff's contention that "primarily" means "substantially." See *Federal Reserve System v. Agnew*, 329 US 441, 67 S Ct 411, 91 L Ed 408 (1947); *Rollingwood Corp. v. Commissioner of Internal Revenue*, 190 F2d 263 (9th Cir 1951); *S.E.C. Corporation v. United States*, 140 F Supp 717 (SD NY 1956).

We hold that "primarily" as used in ORS 317.070 (2) means the largest category of several categories, but not necessarily more than 50 per cent of the total volume of business.

■ Plaintiff contends that the notice of the proposed assessment of deficiency for the year 1959 was not given within three years after the filing of their tax return as required by ORS 314.410(1) and there-

fore the collection of any tax based upon such assessment is barred. Defendant contends that a determination by the Commission that an offset is not allowable under ORS 317.070(2) is not an assessment of tax and therefore the limitation of ORS 314.410(1) is not applicable. It is unnecessary to determine this question as plaintiff, under our construction, was primarily engaged in manufacturing and assembling for that year and therefore was properly entitled to the personal property tax offset.

The decision of the Tax Court is modified in that a deficiency is found to exist for the fiscal year ending March 31, 1962. Costs are allowed to neither party.