## YOUNG MEN'S CHRISTIAN ASSOCIATION v. DEPARTMENT OF REVENUE

Thomas S. Moore, Portland, represented plaintiff.

Glen V. Sorensen, Assistant Attorney General, Salem, represented defendant.

Decision in part for plaintiff and in part for defendant rendered August 29, 1973.

CARLISLE B. ROBERTS, Judge.

Plaintiff is appealing from defendant's Opinion and Order No. VL 72-509 which affirmed the Multnomah County Assessor's position that certain real and personal property of plaintiff was not entitled to the charitable exemption provided by ORS 307.130. The real property is described as Lots 3 and 4 and the east 40 feet of Lots 5 and 6, Block 180, in the City of Portland. Plaintiff is challenging this partial exemption, contending that all of its property is used for charitable purposes and therefore is entitled to complete exemption under ORS 307.130. The tax years involved are 1970-1971 and 1971-1972.

The county and state taxing officials concede that the property of the plaintiff which is exclusively used in its charitable work is exempt from ad valorem taxation. ORS 307.130 (1). And, since "exclusive use" is defined as "primary use," the rule which the court must observe can be stated as follows: Property used by plaintiff primarily to carry on its charitable work is exempt from ad valorem taxation. ORS 307.130 (1); *Willamette Univ. v. Tax Com.*, 245 Or 342, 422 P2d 260 (1966); *Mult. School of Bible v. Mult. Co.*, 218 Or 19, 343 P2d 893 (1959). The case of *Malat v. Riddell*, 383 US 569, 86 S Ct 1030, 16 L Ed2d 102, 17 AFTR2d 604, 66-1 USTC ¶ 9317 (1966), defines "primarily" as meaning "principally" or "of first importance." See also *Ind. Refrigeration v. Tax Com.*, 242 Or 217, 408 P2d 937 (1965).

The principle that tax exemption statutes are to be given a strict but reasonable construction is well established in Oregon. *Eman. Luth. Char. Bd. v. Dept. of Rev.*, 263 Or 287, 502 P2d 251 (1972). This rule must be applied in determining whether the subject property was used by plaintiff exclusively (primarily) to carry on its charitable work.

The property of plaintiff being challenged by defendant encompassed space leased for the operation of a tailor shop, open to the public; space leased for the operation of a barber shop, open to the public; office space leased to the Job Corps (a U.S. Office of Economic Opportunity program); property described in a contract between plaintiff and the federal Selective Service System to provide rooms and meals for military draftees; certain meeting rooms used by other organizations for which a fee was paid; and the kitchen and dining room facilities used by the public as well as the members.

█ The use of any of this subject property for a nonexempt purpose does not wholly defeat the tax exemption but results in the apportionment of the property between exempt and nonexempt uses for tax purposes. Accordingly, each of the areas mentioned will be considered separately.

The subject property must be used primarily to carry on the charitable work of plaintiff, as described in its Constitution, Art I, § 1.2, in order to be granted exemption from taxation:

> "The purpose of 'The Young Men's Christian Association' we regard as being in its essential genius, a world-wide fellowship united by a common loyalty to the principles of Jesus Christ for the purpose of developing Christian personality and building a Christian Society. In pursuit of this purpose, the Association shall sponsor programs and activities which contribute to the spiritual, physical, and mental health of its members and the general well being of the larger community."

The property leased by plaintiff for the operation of the tailor shop is not used primarily to carry on plaintiff's charitable work and is therefore subject to taxation. This is a business catering to the public generally and in competition with other tailor shops. It is not a program or activity which contributes "to the spiritual, physical, and mental health" of plaintiff's members nor to "the general well being of the larger community" in the peculiar sense of a charitable activity but is merely commercial. The principal purpose of the plaintiff can be achieved without the presence of a tailor shop on plaintiff's premises.

The space leased by plaintiff for the operation of the barber shop is also subject to taxation. The same reasoning as outlined immediately above with regard

to the tailor shop is fully applicable to the barber shop. The plaintiff offered no testimony in support of exemption of either the tailor shop or barber shop.

The office space leased to the Job Corps is subject to taxation. When personnel of the lessor were not on duty, this area was locked and closed off, even as to Job Corps trainees. As leased property used solely for the official work of the lessee, it contributed nothing to plaintiff's program. Note is taken that no part of the other areas in plaintiff's property used by Job Corps trainees, including dormitory space, was subject to taxation, according to the testimony of Mr. Kermit A. Carson, Chief Office Deputy of the county's Department of Assessment and Taxation, testifying for the defendant. As to the nonoffice space, it seems clear that the use thereof by Job Corps trainees was offered to them by the plaintiff as a community service. These young men, strangers to Portland, needed the special social services the YMCA seeks to provide.

One of the plaintiff's witnesses testified that the kitchen and cafeteria facilities of plaintiff are used approximately 75 to 80 percent by members of plaintiff and 20 to 25 percent by the general public. The facilities are open to the public and their operation would appear to be in competition with tax-paying operators of commercial restaurants. Testimony was offered to show that the operation was run at a loss but it was not convincing because the costs included high administrative charges which had no bearing on the cafeteria operation. In the view of the court, the preponderance of the evidence leads to its conclusion that the food operation is a convenience but not required by the primary goals of the plaintiff and that it is engaged in competition with similar businesses which are subject to taxation.

There are also meeting rooms of various sizes, the use of which is in issue. No fee is charged for these rooms when used by members but at times a nominal fee of $5 or $10 is exacted from outside organizations using a room, covering little more than out-of-pocket expenses associated with the service. If meals are paid for, no additional charge is made for use of the room. The court finds that the provision of such rooms, principally for members, but otherwise available to nonmembers at cost, is in keeping with plaintiff's philosophy and purpose of serving the community at large in any fashion possible. The preponderance of the evidence leads the court to conclude that these areas are used by plaintiff primarily to carry on its charitable work. The fiscal aspects are de minimis. These areas are exempt from taxation.

In the years in question, plaintiff was asked by the Armed Services Induction Station in Portland, Oregon, to bid on the furnishing of food and quarters for young men who had enlisted or had been inducted into the Armed Services and who were required to stay in Portland overnight or for a longer period. Plaintiff agreed to do this and during one year furnished the service at approximately the same rates as it would to anyone else staying in plaintiff's facilities. The facilities are regularly available to the young men staying under the auspices of the Armed Forces and they are automatically deemed "members" of plaintiff if in uniform. Despite an alleged "understanding" between plaintiff and the Armed Forces, the latter insisted that the arrangement be made a matter of contract in accordance with its operating procedures in such situations. The military inductees were given the privilege of using the plaintiff's facilities while residing in the premises, and also had available to them

the counseling and guidance of plaintiff's professional staff. However, for one of the years in question, a Portland hotel, and not plaintiff, was the successful bidder for the military contract. The preponderance of the evidence favors the defendant's conclusion that this activity was not necessary to plaintiff's primary purposes and was in competition with commercial hotels.

Except as modified herein with respect to the taxation of meeting rooms, defendant's Order VL 72-509 is affirmed.