Argued at Pendleton October 25, reversed November 16, 1926.

# J. C. HARTLEY ET AL. *v.* SHERMAN COUNTY ET AL.

### (250 Pac. 740.)

**Private Roads—Petition for Establishment of Road Alleging That Petitioner's Farm Could not be Conveniently Reached by Existing Road Held to Confer Jurisdiction (§ 4610, Or. L.).**

1. Petition for a road of public easement, under Section 4610, Or. L., showing that petitioner's land already bordered on a county road, but it could not be reached conveniently, *held* sufficient to confer jurisdiction on County Court.

**Statutes.**

2. Court must give effect to every word of a statute.

**Private Roads—Petition for Road Held not Insufficient Because Proposed Road was to Begin in County Road and did not Extend into Petitioner's Premises (§ 4610, Or. L.).**

3. That beginning of proposed road was in county road and did not extend into petitioner's premises did not make petition for road of public easement, under Section 4610, Or. L., insufficient to confer jurisdiction on County Court.

**Private Roads.**

4. Proposed road of public easement need not be extended into petitioner's premises, provided it gives him egress from his farm and the public ingress to it.

**Private Roads.**

5. Where beginning point of proposed road was in county road bordering on petitioner's land, it was on petitioner's premises, since premises extended to center of road.

**Private Roads.**

6. County Court having acquired jurisdiction, its order establishing road of public easement is entitled to all intendments and presumptions that attend orders of Superior Courts.

Courts, 15 **C. J.**, p. 834, n. 47, p. 1004, n. 41.

Private Roads, 32 **Cyc.**, p. 368, n. 14, p. 372, n. 46, 50, p. 373, n. 53, p. 377, n. 7 New.

Statutes, 36 **Cyc.**, p. 1128, n. 58.

From Sherman: D. R. PARKER, Judge.

2.   See 25 **R. C. L.** 1004.
5.   See 4 **R. C. L.** 78.

In Banc.

This appeal is from the judgment vacating a road of public easement. The defendant Walton petitioned for a road of public easement 60 feet wide from his farm in section 29 across the southeast quarter of section 30 to a county road. The road was ordered established by the County Court on the sixth day of May. On May 29th plaintiffs Hartley filed a motion in the County Court for an order to vacate the order establishing the road. This motion was denied and the plaintiffs Hartley sued out a writ of review. The writ was allowed and the order establishing the road annulled. The only question presented by the writ of review and here presented on appeal is the sufficiency of the petition for the road. Plaintiffs allege the petition to be insufficient to confer jurisdiction on the County Court. This position was sustained by the learned circuit judge. Hence this appeal by the petitioner.            REVERSED.

For appellant there was a brief over the name of *Mr. Francis T. Wade,* District Attorney, with an oral argument by *Mr. Frank G. Dick.*

For respondents there was a brief over the name of *Mr. W. C. Bryant,* with an oral argument by *Mr. C. L. Pepper.*

COSHOW, J.—The petition for the road describes the farm of the petitioner Walton, the land of the plaintiffs Hartley across which the proposed road was sought to be established and contains the following paragraph:

"That the above described farm belonging to the petitioner is not reached conveniently by any public road provided by law, and that it is necessary that

the public and your petitioner have ingress to and egress from said farm.''

The petition for the road then alleges the existence of a road bordering upon the southern part of the land belonging to the plaintiffs Hartley, and that a road from the farm of the defendant Walton·to the said county road across the said land belonging to the plaintiffs Hartley would be a convenient road for the petitioner Walton and the public. A particular description of the road was attached to the petition as an exhibit. The prayer of the petition for the road is for:

" * * a suitable public road not exceeding sixty (60) feet in width, having regard to the surrounding circumstances and conditions of the case, from the farm of your petitioner to the nearest point practicable, so as to reach conveniently the public road running along the south part of said Section Thirty, a more exact description of which is set out in Exhibit A, to this petition, * * .''

Exhibit A is as follows:

"Beginning at a point in present county road 940 feet North of the Southeast corner of Section 30, Township 4 South, Range 18 East W. M.; thence by a 20 degree curve to the right through an angle of 63 degrees, 36 minutes, a distance of 318 feet; thence South 63 degrees 36 minutes west 1379 feet; thence by a 12 degree curve to the right through an angle of 26 degrees a distance of 216.7 feet to a point in the present County Road 1638.2 feet West of the Southeast corner of Section 30 and there ending.''

1, 2. It will be noticed that the beginning point of the proposed road is in a county road extending along the west side of petitioner Walton's land. It is contended on the part of the plaintiffs Hartley that the petition showing as it does that the land of the petitioner Walton borders a county road is insuffi-

cient to confer jurisdiction on the County Court. This contention, however, ignores the word "conveniently" in the statute. This contention is not sound. This court decided in a well-considered case to the contrary: *Re Application of Barton,* 111 Or. 111, 115 (225 Pac. 322). It is the duty of the court to give effect to every word of a statute.

3. It is further contended by the plaintiffs Hartley that because the beginning of the proposed road is in a county road and does not extend into the premises of the petitioner Walton the petition does not confer jurisdiction upon the County Court. Neither can this contention be sustained. The statute reads:

" * * from the farm or residence of such person to the nearest point practicable on a public road."

4, 5. There is no necessity of extending a road of public easement into the premises of a petitioner, provided that it gives the petitioner egress from his farm and the public ingress to the farm. The premises of the petitioner Walton are described in part as the southwest quarter of the southwest quarter of section 29. The beginning point of the road as ordered established by the County Court is in the county road 940 feet north of the southeast corner of section 30 in the same township and range as said section 29. It thus appears that the beginning point of the road is on the premises of the petitioner Walton because his premises extend to the center of that road: *McHargue* v. *Calchina,* 78 Or. 326 (153 Pac. 99).

It is also contended by the plaintiffs Hartley that inasmuch as the petition shows on its face a county road extending along the southern border of section 30 and along the eastern border thereof, it appears that the proposed road of public easement was de-

signed to change those county roads. This seems to have been the view taken by the learned circuit judge. The petition, however, does not show that any change is desired in the county roads as they now exist. The petition does not disclose that the road running north and south between sections 29 and 30 and along the southern border of section 30 connect or intersect. We are limited to the record in this proceeding: *Curran* v. *State,* 53 Or. 154 (99 Pac. 420). But if we assume that the two roads do intersect one another, it does not follow that the two roads constitute a convenient means of egress from and ingress to the petitioner Walton's farm. We cannot ignore the word "conveniently" in construing Section 4610, Or. L.

6. The petition is sworn to and complies with said Section 4610. The plaintiffs Hartley had an opportunity, under said section as it now exists, to contest the allegations of the petition but instead thereof defaulted. The petition of the road is sufficient to confer jurisdiction upon the County Court. The court having acquired jurisdiction its orders thereafter are entitled to all the intendments and presumptions that attend the decrees, judgments and orders of Superior Courts: *Towns* v. *Klamath County,* 33 Or. 225, 231 (53 Pac. 604).

The proposed road is not a way of necessity. It is a road of public easement provided by legislation: *Fendall* v. *Miller,* 99 Or. 610 (196 Pac. 381); *Tucker* v. *Nuding,* 92 Or. 319 (180 Pac. 903).

The judgment is reversed and the case remanded with directions to dismiss the writ of review.

Reversed and Remanded.

Rand, J., absent.