# URBAN OFFICE AND PARKING FACILITIES
## *v.* DEPARTMENT OF REVENUE

Nathan L. Cohen, Morrison & Bailey, Portland, represented plaintiffs.

Glen V. Sorensen, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered September 22, 1971.

CARLISLE B. ROBERTS, Judge.

The plaintiffs are four individuals doing business under the assumed name of Urban Office and Parking Facilities. They appeal from the defendant's Order No. VL 70-288, dated July 22, 1970, seeking exemption from property taxes imposed upon $300,000 of assessed value for the tax year 1970-1971, under the provisions of ORS 307.330 and 307.340. There is but one issue presented: Is the taxpayer required to file documentary proof with the assessor, demonstrating that a property meets all the requirements of ORS

307.330, to be entitled to an exemption from assessment under the provisions of ORS 307.330 and 307.340?

No documentary proof was filed by the plaintiffs. However, the office of the assessor had notice of the new construction through its regular procedure of abstracting building permits issued by the City of Portland (numbering from 900 to 1,600 per year, of which only 10 or 20 would be the subjects of claim for exemption). The plaintiffs contend that they met the requirements of ORS 307.330; that on or before April 1, 1970, the assessor had in his office the information which proved that the requirements were met; and that ORS 307.340 does not require a specific party to furnish the documentary proof necessary for exemption but the assessor, having such proof in his possession, has a duty to act upon it.

The pertinent statutes read:

ORS 307.330(1):

> "(1) Except for property centrally assessed by the Department of Revenue, each new building or structure or addition to an existing building or structure is exempt from taxation for each year of not more than two consecutive years if the building, structure or addition:
>
> "(a) Is in the process of construction on January 1;
> "(b) Is not in use or occupancy on January 1;
> "(c) Has not been in use or occupancy at any time prior to such January 1 date;
> "(d) Is being constructed in furtherance of the production of income; and
> "(e) Is, in the case of nonmanufacturing facilities, first used or occupied not less than one year from the time construction commences. Construction shall not be deemed to have commenced until after demolition, if any, is completed."

ORS 307.340:

"The property described in ORS 307.330 shall be listed for ad valorem taxation, but the assessor shall cancel the assessment upon receipt of sufficient documentary proof that the property meets all of the conditions contained in ORS 307.330. Such proof shall be filed with the assessor on or before April 1 of such year. No cancellation of assessment shall be made unless the required proof is filed within the time prescribed by this section."

The exemption was originally created by Or L 1959, ch 246, effective January 1, 1960, for the benefit of property "* * * constructed primarily for use in manufacturing, processing or assembling materials into products for purposes of sale * * *." The property thus described was to be placed upon the assessment roll, nevertheless, "* * * but the assessor shall cancel the assessment upon receipt of sufficient documentary proof that the property meets all of the conditions * * *. Such proof shall be filed with the assessor on or before February 1 of such year. No cancellation of assessment shall be made unless the required proof is filed within the time prescribed by this section."

The first section of chapter 246 was codified as ORS 307.330. It was amended by Or L 1961, ch 552, effective January 1, 1962, to include properties "being constructed in furtherance of the production of income," thus adding "nonmanufacturing facilities" to the exempt classification. A final amendment was made by Or L 1967, ch 51, when the legislature changed the time when proof must be filed with the assessor from "on or before February 1" to "on or before April 1" of each year.

The parties have stipulated as follows:

"1. At all times herein concerned, plaintiff was the owner of the premises and improvements thereon described as Lots 1 to 8, Portland, County of Multnomah, State of Oregon.

"2. Prior to January 1, 1970, plaintiff commenced the construction on the above premises of a planned 11-story office building.

"3. On January 1, 1970, said construction had attained to approximately the second floor level.

"4. Prior to April 1, 1970, the assessor's office examined said construction and knew that same was in process of construction.

"5. Documentary proof that the conditions contained in ORS 307.330 had been met was not filed by plaintiff with the assessor prior to April 2, 1970.

"7. [sic] The said improvements were listed for ad valorem taxation for the tax year 1970-71 in the amount of $300,000."

The chief contention of the plaintiffs is that ORS 307.340 does not expressly require the taxpayer to file documentary proof with the county assessor as a condition precedent to exemption from ad valorem taxation of the property described in that section, as is the case with other exemptions. For example, the plaintiffs cite ORS 307.162, which provides that "* * * the institution or organization claiming the exemption shall file with the county assessor, on or before April 1 in such year, a statement * * *." In ORS 307.165(6), before any exemption from taxation under the section is allowed for any year, "* * * the taxpayer claiming the exemption shall file with the county assessor * * * a statement, * * *"; and similar language is found in ORS 307.210(4), 307.260, 307.360 and other sections. They then point out that

ORS 307.330 and 307.340 lack such specificity and, in addition, ORS 307.330 affirmatively provides that "* * * each new building or structure is exempt from taxation * * *." (In plaintiffs' brief, page five, this quotation is preceded by: "* * * It is to be noted that the exemption is granted in unequivocal terms.") It would appear that plaintiffs would equate this section with those which clearly place upon the assessor a duty to exempt without application; for example, ORS 307.040 (property of the United States) and ORS 307.090 (property of the state, counties, and other municipal corporations). In answer to this, attention is called to ORS 307.340: "The property described in ORS 307.330 *shall be listed* for ad valorem taxation, * * *." (Emphasis supplied.)

An examination of the several statutes reveals that governmental agencies need not file a claim for property tax exemption and nongovernmental agencies must always file such a claim, unless ORS 307.340 is an exception.

■ Plaintiffs properly contend that a court must not insert in a statute "that which the legislature has omitted," citing *Rosentool v. Bonanza Oil and Mine Corp.*, 221 Or 520, 528, 352 P2d 138 (1960). Although the language of ORS 307.340 is not as explicit as in other statutes, it strongly infers that the taxpayer must file a claim for exemption with the assessor. The inference derives from the use of the words "upon *receipt* of sufficient documentary proof," "such *proof* shall be *filed* with the assessor," and "no cancellation * * * shall be made unless the required *proof* is *filed* within the time prescribed * * *." The emphasized words cannot be disregarded or explained away. Documentary proof required to meet the conditions of

ORS 307.330 would certainly be deemed a claim for exemption by the assessor if filed with him by the taxpayer. An assessor does not "receive" documentary proof from himself. The assessor does not "file" his own work papers, when the word "filed" is given the connotation normally attributed to it in connection with the activities of governmental offices, where significant papers are deposited by the members of the public. To "file" means to deliver an instrument or other paper to the proper officer for the purpose of being kept by him. *Conant's Estate,* 43 Or 530, 73 P 1018 (1903); see also *In re Wagner's Estate,* 182 Or 340, 187 P2d 669 (1947). It is the duty of the court to give effect to every word of a statute. *Hartley et al v. Sherman County et al,* 119 Or 586, 589, 250 P 740 (1926).

This was the construction adopted by the State Tax Commission in 1959 shortly after the new exemption was enacted, as evidenced by its earliest regulation relating to ORS 307.340, designated Art. 7340, Claim for Exemption Under ORS 307.330, which reads:

"The claim for exemption must have been mailed on or before February 1 of the assessment year, regardless of whether February 1 of such year falls on a Sunday or a legal holiday." (Promulgated in the Office of the Secretary of State, pursuant to ORS 183.020, on December 14, 1959.)

This provision was repeated in the 1962 edition of the Property Tax Regulations, but was amended in 1964 to add two paragraphs, as follows:

"Where exemptions are being claimed for two consecutive years, as permitted by ORS 307.330, a separate claim must be timely filed for each year.

"Example: A building meeting all the require-

ments for exemption is under construction on January 1, 1964. Exemption may be claimed by filing documentary proof of exempt status with the assessor on or before February 1, 1964. In the event the building is still under construction, and eligible for exemption on January 1, 1965, documentary proof of the eligibility must again be filed with the assessor on or before February 1, 1965." (Promulgated in the Office of the Secretary of State, pursuant to ORS 183.020, on July 31, 1964.)

Carrying out its duties, required by ORS 305.100, the State Tax Commission prepared and issued to the county assessors Form VD-C-20 which, in the current revision is headed, "Application for Cancellation of Assessment on Commercial Facilities Under Construction as Provided by ORS 307.340. Application must be filed with the county assessor on or before April 1." (See Defendant's Exhibit C.) As was said in *Keyes v. Chambers et al,* 209 Or 640, 661, 307 P2d 498 (1957):

"We take judicial knowledge of administrative interpretation of tax statutes by the Tax Commission. Although such rules promulgated by the Tax Commission or other state administrative agency are not controlling, their contemporaneous construction of an act is, nevertheless, highly persuasive, especially where such rules have been in effect for a long term of time as a basis for determining technical and involved matters such as here presented. [Citing cases.]"

Not only is the commission's regulation persuasive evidence of a contemporaneous construction of the act, but it is a proper "legislative rule" and well within the power and discretion of an administrative body which is authorized to make and promulgate regulations. (See 1 K. Davis, *Administrative Law Treatise* 299, § 5.03: "* * * A legislative rule is valid and is

as binding upon a court as a statute if it is (a) within the granted power, (b) issued pursuant to proper procedure, and (c) reasonable. * * *") As such, in this instance at least, it has force of law. 1 K. Davis, *supra,* 314, § 5.05. The assessor had no choice but to follow it. *State ex rel Smith et al,* 197 Or 96, 115, 252 P2d 550 (1953).

It is concluded that the legislature contemplated the filing of an application with the assessor, as required by the statutes as to all other nongovernmental claimants.

The plaintiffs' able attorney also earnestly contended that the improvements on the subject property satisfied all the conditions for exemption from ad valorem taxation for the tax year 1970-1971 contained in ORS 307.330, including subsection (1), paragraph (e). In view of the court's decision that the plaintiffs were required to file documentary proof with the assessor, it is not necessary to decide this issue, but the court observes, in passing, that the record shows the testimony regarding that subsection was disputed.

Defendant's Order No. VL 70-288 is affirmed.