# AMERICAN CONDOMINIUM HOMES, INC., W. C. SIVERS CO. and AMERICAN PLAZA CO. *v.* DEPARTMENT OF REVENUE

Guy J. Rappleyea and Richard N. Roskie, Black, Helterline, Beck & Rappleyea, Portland, represented plaintiffs.

Glen V. Sorensen, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered June 16, 1975.

CARLISLE B. ROBERTS, Judge.

Plaintiffs appealed to this court from the defendant's Order No. VL 74-543, dated November 15, 1974, denying property tax exemption in the second year (1974-1975) to certain commercial facilities under construction, an exemption sought by plaintiffs under the authority of ORS 307.330 and 307.340. The denial was based upon the failure of the plaintiffs to file a timely exemption claim for the second year. The property involved is identified as Grant Tower, a 26-story condominium in Southwest Portland, Multnomah County Department of Assessment and Taxation Account No. 1-77750-1020.

The basic facts are undisputed. Construction of Grant Tower began on May 22, 1972, and it was completed for occupancy in March 1974. On both January 1, 1973, and January 1, 1974, Grant Tower was under construction. The plaintiffs intended to seek the property tax exemption provided by ORS 307.330 and 307.340 for the two years 1973-1974 and 1974-1975.

On March 7, 1973, the plaintiffs filed with the Multnomah County Department of Assessment and Taxation (hereinafter referred to as the "county assessor" or the "assessor's office") an executed copy of "State Tax Commission Form VD-C-20 (Rev. 12-67)," entitled "Application for Cancellation of Assessment on Commercial Facilities under Construction." They thus sought to meet the requirement of ORS 307.340 which authorizes the county assessor to cancel the January 1 assessment of the described property "upon receipt of sufficient documentary proof that the property meets all of the conditions contained in ORS 307.330. Such proof shall be filed with the assessor on or before April 1 of such year. * * *" The application form was signed by American Plaza Company, by W. C. Sivers, Secretary; W. C. Sivers Co., by W. C. Sivers, President; and American Condominium Homes, Inc., by J. Eugene Popma, President. The executed application form stated that it was "[f]iled with the Multnomah County Assessor for the 1973-74 Assessment Year." It specified the "[e]stimated construction completion date" and "expected date of occupancy" as January 15, 1974.

The application form contained a prominent "Notice," printed in the upper right hand of the obverse side:

"This exemption applies only to buildings that are being constructed in furtherance of the production of income. A request for cancellation of assessment with Sufficient Documentary Proof pursuant

to ORS 307.330 & 340 must be filed with the County Assessor not later than April 1 of *each year*. See other side for applicable law and regulations." (Emphasis supplied.)

On the reverse side of the form ORS 307.330 and 307.340 were printed verbatim, accompanied by the Department of Revenue's rule, OAR 150-307.340. The latter included, in part:

"Where exemptions are being claimed for two consecutive years, as permitted by ORS 307.330, *a separate claim must be timely filed for each year.* * * *" (Emphasis supplied.)

This rule has been and continues to be a part of the promulgated rules under ORS 307.340 ever since the statute was first enacted in 1959. The defendant is authorized by law to prescribe forms,[1] but the rule quoted speaks of a "separate claim" without referring to a "form" *per se.*

On plaintiffs' application form, the question: "7. Is this building being constructed in furtherance of the production of income?" was answered affirmatively, with the explanation: "Residential apartments." However, on July 23, 1973, the Multnomah County assessor's office, on advice of the County Counsel, denied the application on the grounds that Grant Tower was not "being constructed in the furtherance of the production of income" as required by ORS 307.330(1)(d).

Thereupon, the plaintiffs petitioned the Department of Revenue for a review of this denial as pro-

[1] ORS 305.100.

"The Department of Revenue shall:

"(1) Make such rules and regulations it deems proper to regulate its own procedure and to effectually carry out the purposes for which it is constituted.

"(2) Prescribe all forms of books and blanks used in the assessment and collection of taxes not otherwise prescribed by law and change the forms of blanks and books prescribed by law in case change is necessary."

vided by ORS 306.520, and on February 21, 1974, a hearing was held by the department (ORS 306.525 and 306.530).

At the hearing, the president of American Condominium Homes, Inc., secretary of American Plaza Co. and a director of each corporation, Mr. J. Eugene Popma, testified for plaintiffs as to several matters, including the building status of Grant Tower (which was still under construction as of January 1, 1974) and the expected date of completion of the construction. Mr. Gary G. Skiles, Supervisor, Commercial Section in the Multnomah County assessor's office, was present at the February 21, 1974, hearing and heard this testimony.

After the departmental hearing, counsel for the petitioners (the plaintiffs herein) submitted a written legal brief to the defendant and a copy of this brief was sent to the assessor's office and received therein on or about March 13, 1974 (long prior to the April 1 cut-off date prescribed by ORS 307.340 for the filing of proof supporting a claim for exemption).

On June 20, 1974, the defendant issued its Order No. VL 74-250, granting the cancellation of assessment for Grant Tower for the year 1973-1974. This order was not appealed by the county and the plaintiffs obtained the tax benefit for that year. It must be noted, however, that this departmental decision was issued after April 1, 1974, the last date for "sufficient documentary proof" to be "filed" with the county assessor to claim exemption for the subsequent tax year, 1974-1975.

On January 18, 1974, Mr. Henry G. Lawson, an industrial appraiser for Multnomah County, visited Grant Tower to appraise the building for the 1974-1975 assessment roll. He determined that Grant Tower

was approximately 50 percent complete on January 1, 1974, and noted that fact on the county's appraisal card.

On or about April 9, 1974, the plaintiffs received a notice of appraisal from Multnomah County showing an appraised value for the Grant Tower improvements of $2,670,000, indicating to the plaintiffs that the assessment of the property had not been canceled under ORS 307.340 for the 1974-1975 tax year.

Although the final statutory date for providing "proof," April 1, 1974, had passed, the plaintiffs' counsel requested the county assessor to cancel the appraisal of Grant Tower for the tax year 1974-1975 in accordance with ORS 307.330. In a letter dated June 5, 1974, the Multnomah County Assessor refused the request for the reason that no timely filing had been made under ORS 307.340 for the tax year 1974-1975. Thereafter, the plaintiffs petitioned the Department of Revenue for a review of the assessor's action relating to 1974-1975, which resulted in Order No. VL 74-543, the basis for this appeal.

As stated above, there can be no doubt that the plaintiffs intended that the tax exemption provided by ORS 307.330 be obtained for each of the two consecutive years, 1973-1974 and 1974-1975. For example, at the hearing on February 21, 1974, Mr. Popma testified that he had personally gained experience in applying for the exemption in prior building ventures. In response to a question by the hearing officer as to whether such exemption would be sought for the 1974-1975 tax year on the subject property, he replied affirmatively.

The problem which prompted the present appeal was not a failure to know the promulgated rule respecting the filing of an application for the second

year; it was a failure of communication between plaintiffs, as stated in Plaintiffs' Opening Brief, at 17-18:

"* * * At the hearing on February 21, 1974 before the Department of Revenue, Mr. Popma answered a question from the hearings officer that he anticipated that a second application for exemption would be filed for the tax year 1974-75. Of course, as we know, no such formal application was filed because of a misunderstanding by the Plaintiffs as to whether the filing was still necessary in view of the hearing on the unresolved exemption for the earlier tax year and whether their attorneys would make the filing. * * *"

The question before the court is whether plaintiffs' failure to make application for cancellation of assessment of the second year on the usual form (utilized by them in the first year of exemption) was rendered unnecessary because of the information orally obtained or derived from observation by the county assessor's employees, augmented by the written "documents" actually placed in the assessor's office on or before April 1, 1974.

The property tax involved is $71,973.32 plus interest. Plaintiffs' arguments against payment of this tax can be placed under two headings: (1) The statutory requirements were met by the appraisal of the property by the assessor's employee on January 18, 1974, plus an oral statement in the presence of the assessor's employee at the department's hearing on February 21, 1974, together with written data available in the county assessor's office as of April 1, 1974, thus fulfilling the statutory requirement (ORS 307.340) "of sufficient documentary proof that the property meets all the conditions contained in ORS 307.330" "filed with the assessor on or before April 1 of such year." (2) Defendant's rule, OAR 150-370.340, requiring that a separate claim for exemption must be timely

filed for each of the two years, does not apply to the particular fact situation which exists in this case.

■ The court holds that the knowledge of intent, if any, obtained by the assessor's employees, Messrs. Lawson and Skiles must be disregarded. Not only is the danger of binding an assessor by such data patent, but the statute plainly requires the filing of documentary proof; i.e., written material.

The "documentary proof" that plaintiffs alleged to have been "filed" with the assessor on or before April 1, 1974, consists of three written items: (1) The exemption application on Form VD-C-20, regularly filed on or before April 1, 1973, in the assessor's office for the property tax year of 1973-1974; (2) Mr. Lawson's appraisal data as of January 18, 1974, noted and filed on the county's appraisal card for the subject property; and (3) a copy of a brief dated March 12, 1974, filed by the plaintiffs with the defendant, prepared and given to the defendant's hearing officer following the administrative hearing before him on February 21, 1974.

These items will be considered in turn.

As has been mentioned, the Department of Revenue's Form VD-C-20 states on its face the year for which it is pertinent and that such a form must be filed for each year of the two years for which application can be made. There was nothing in the 1973-1974 application form which could be seriously regarded as alerting an assessor as to the application for the 1974-1975 year. All statements therein relating to the second year, 1974-1975, were necessarily speculative.[2] The county assessor can only be expected to consider the

---

[2] Factual situations such as those found in the case of *Georgia-Pacific v. Dept. of Rev.*, 5 OTR 33 (1972), *aff'd*, 264 Or 260, 504 P2d 704 (1972), must be contemplated.

projections on that basis, knowing that, in a given case, changes could occur for many reasons; e.g., the owners might abandon a project on account of financial problems, or because of condemnation or the threat thereof by a governmental agency, or by a change of intentions growing out of discovery of a lack of commercial feasibility, or even due to an acceleration in construction speed or a reduction of the plans so as to prepare the property for use and occupancy prior to the following January 1.

Because of these possibilities, it is plain that a claim for exemption, due on or before April 1 of "such year" (the April 1 following the assessment date for the tax year for which ad valorem taxation listing is referred to in ORS 307.340) must be filed after the January 1 assessment date of the tax year in question. Only at that time can the applicant swear that the contingencies which are set out in ORS 307.330 are still applicable. The assessor cannot be expected to treat an application for one year as also applicable to a second year.

The two other "documents" listed were received by the assessor's office at a time when the assessor's exemption officer, on advice of counsel, had determined that the first exemption application of plaintiffs could not be approved and this question was still being considered by the Department of Revenue. (It was not resolved in plaintiff's favor until June 20, 1974.) These documents were not applications in form and could not be expected to alert the assessor's staff as to the plaintiffs' claim for the second year.

Another objection to the plaintiffs' theory relates to their interpretation of the statutory requirement that the "proof shall be filed." "Filed" is a word of art. *Urban Off. & Parking v. Dept. of Rev.*, 4 OTR 523, 528 (1971), states that: "To 'file' means to deliver an

instrument or other paper to the proper officer for the purpose of being kept by him. * * *" This statement quotes only part of its source, *Conant's Estate,* 43 Or 530, 73 P 1018 (1903). In that case, the court was dealing with a statute providing that " 'a pleading or paper shall be filed by delivering the same to the clerk at his office, * * *'." The court said, at 534:

> "* * * The filing consists in delivering the paper to the clerk with an intention that it shall be filed. * * * A paper or document is filed within the meaning of this statute when it is delivered to and received by the clerk to be kept among the files of his office, subject to the inspection of the parties. * * * The act of filing consists in presenting the paper *to the proper officer,* and its being received by him and deposited among the records of his office. * * *" (Emphasis supplied.)

There is no question that the plaintiffs' Application for Cancellation of Assessment for the first year, 1973-1974, was "filed" in the county assessor's office prior to April 1, 1973. The word "filed" is properly used here because the assessor's office was the place designated by statute for such filing and the application thus became a part of the county assessor's official records.

■ It can also properly be said that Mr. Lawson's writing, updating the county's appraisal, was "filed" in the assessor's office, but it was filed by him, not by plaintiffs, and was filed to meet the requirements of ORS 308.210, and is reflected by language in ORS 307.340 ("[t]he property described in ORS 307.330 shall be listed for ad valorem taxation, * * *"), but not as a claim for exemption.

■ It is assumed by the court that the filing with the county assessor plaintiffs' brief addressed to the Department of Revenue, following the hearing of February 21, 1974, was a courtesy in extension of ORS

306.520(1) (which refers to subsection (1) of ORS 306.515) but this argument for the first year's exemption cannot be charged to the county assessor as documentary notice of plaintiffs' claim for a second year.

In effect, the plaintiffs' argument is that, once the plaintiffs' original intention is made manifest by its first year's exemption claim (whether the claim is accepted by the county assessor or not), and the plaintiffs' continuing intention is in some way made known to the assessor's office, the burden is upon the assessor to take retroactive affirmative action on the second year as soon as the first year is found to be qualified.

On this aspect of plaintiffs' argument, "[t]he well-established and necessary doctrine that each tax year 'stands on its own feet' is applicable * * *." *See State Finance Co. et al v. Dept. of Rev.,* 5 OTR 651, 659 (1974).

The court concludes that the machinery of the assessor's office is not constituted to consider an exemption claim in such a case as this unless there is timely filed the *"appropriate* Application of Cancellation of Assessment" (quoting and emphasizing the description used by the plaintiffs in page 3 of their brief of March 12, 1974, to the Department of Revenue respecting the 1973-1974 tax year. The county assessor has been instructed by defendant to supply taxpayers with this form (see ORS 305.100) and its use is the key to action.

Plaintiffs question the legality of the defendant's requirement, in its rule, OAR 150-307.340, that the application must be made by the taxpayer in each year in which tax exemption is requested, at least as the rule applies to the facts of this case. They contend that "[t]he meaning of the controlling statute is plain, and the Regulation, as interpreted by the Assessor and the Department, is obviously in conflict with it.

\* \* \*" The court disagrees with this conclusion. The requirement of "sufficient documentary proof" in ORS 307.340 calls for study of ORS 307.330 and lacks specificity as to form.

The defendant's power to make rules and regulations and to prescribe forms is clearly provided by statute. ORS 305.100. Such a regulation, when properly promulgated and when it falls within the rule maker's defined statutory grant of authority, has the force of law. *U.P.R.R. Co. v. Tax Commission,* 240 Or 628, 632, 402 P2d 519 (1965), citing *Arnold v. Gardiner Hill Timber Co.,* 199 Or 519, 523, 263 P2d 403 (1953).

1 Davis, *Administrative Law Treatise* § 5.03 (1958), at 299, states:

"\* \* \* When a rule [promulgated by an administrative agency which has been given the rule-making power] is legislative, the reviewing court has no authority to substitute judgment as to the content of the rule, for the legislative body has placed the power in the agency and not in the court. A legislative rule is valid and is as binding upon a court as a statute if it is (a) within the granted power, (b) issued pursuant to proper procedure, and (c) reasonable. The requirement of reasonableness stems both from the idea of constitutional due process and from the idea of statutory interpretation that legislative bodies are assumed to intend to avoid the delegation of power to act unreasonably.

"Procedural rules designed to govern the agency's own proceedings are usually considered to be legislative rules, whether or not specific power is granted to issue such rules. \* \* \*"

In its rule, OAR 150-307.340, providing that where exemptions are being claimed for two consecutive years, a separate claim must be timely filed for each year, the defendant was not interpreting the law but

"legislating" a provision which it reasonably deemed necessary under the mandate imposed upon it as administrator under ORS 306.111 and 306.120, as well as ORS 305.100.

The defendant's rule, requiring a filing for each of the two years on the form which it provided to the county assessors, to be used in making application for exemption, adds to the provisions of ORS 307.340 and gives definiteness and certainty to the language regarding "sufficient documentary proof that the property meets all of the conditions contained in ORS 307.330. * * *" The desirability and usefulness of such a rule is manifested by the need to construe the words "sufficient documentary proof" (ORS 307.340) in cases such as *Urban Off. & Parking, supra,* as well as this one.

Plaintiffs in their brief have pointed out that numerous sections of the ad valorem property tax laws specifically require the filing of forms, claims or applications (citing ORS 307.115(4), 307.165, 307.250, 307.380, 307.395, 307.420, 307.460, 307.495, 307.830, 308.370, 308.520, 308.750 and 308.810) but not here. They indicate that special significance attaches to the omission. The court concludes that the cases before it have proved that the omission here was legislative oversight, properly remedied by defendant under its granted powers.

The questioned first sentence of defendant's rule, OAR 150-307.340, is within the granted powers of the defendant and is reasonable. The legality of its formal promulgation has not been questioned.

Defendant's Order No. VL 74-543 is affirmed.

Defendant is awarded its statutory costs and disbursements.