Argued February 5, affirmed February 26, 1976

AMERICAN CONDOMINIUM HOMES, INC. et al,
*Appellants,*

*v.*

DEPARTMENT OF REVENUE, *Respondent.*

546 P2d 466

*Guy J. Rappleyea,* Portland, argued the cause for appellants. With him on the briefs were Richard N. Roskie, Stephen E. Wehrly, and Black, Helterline, Beck & Rappleyea, Portland.

*Glen V. Sorensen,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and James D. Manary, Assistant Attorney General, Salem.

PER CURIAM.

**PER CURIAM.**

This is an appeal by plaintiff from a decision of the Oregon Tax Court which affirmed an order by the Department of Revenue denying property tax exemption for the year 1974-1975 to the Grant Tower, a 26-story condominium in Portland. 6 OTR 103 (1975). The denial of the exemption was based upon the failure of the plaintiffs to file a timely claim for the exemption for that year, as required by ORS 307.340.[1]

In appealing from the decision of the Oregon Tax Court plaintiffs' primary contention is that "sufficient documentary proof" was "filed" with the assessor within the meaning of ORS 307.340 so as to entitle plaintiffs to that exemption, despite the fact that they did not file a separate claim for exemption for that year on a form prescribed by the Department of Revenue. Substantially the same contention was made by plaintiffs to that court and was rejected by it.

The "documentary proof" relied upon by plaintiffs is as follows:

(1) Statements in an application for exemption for the previous year;

(2) Statements in an appraisal report by an employee of the assessor;

(3) Statements in a brief submitted by plaintiffs in

---

[1] ORS 307.340 provides:

"The property described in ORS 307.330 shall be listed for ad valorem taxation, but the assessor shall cancel the assessment *upon receipt of sufficient documentary proof* that the property meets all of the conditions contained in ORS 307.330. *Such proof shall be filed with the assessor on or before April 1 of such year.* No cancellation of assessment shall be made unless the required proof is filed within the time prescribed by this section. Any cancellation of assessment will be abated as to any nonmanufacturing property that is used or occupied within one year from the time construction commences and the assessor shall proceed to correct the assessment and tax roll or rolls from which the property was omitted from taxation, in the manner provided in ORS 311.207 to 311.213." (Emphasis added)

protesting the denial of exemption for the previous year.

We agree with the reasons stated by the Oregon Tax Court for rejecting the contention that these documents satisfied the requirements of ORS 307.340. See 6 OTR 110-113 (1975). Cf. *Skyline Assembly of God v. Department of Revenue,* 274 Or 259, 545 P2d 879 (1976). Accordingly, it would serve no useful purpose to restate the reasons why that contention is not well taken.

Because we agree with the holding by the Oregon Tax Court that "sufficient documentary proof" was not "filed" with the assessor within the meaning of ORS 307.340, so as to entitle plaintiffs to the exemption for the year 1974-1975, it is not necessary to consider plaintiffs' further contentions that OAR 150-307.340, a regulation promulgated by the Department of Revenue, is not valid to the extent that it requires the filing of separate documentary proof for each year and in the form of a claim for exemption and that, if valid, the requirements of that regulation were satisfied. For the same reason, we need not consider plaintiffs' objections to that portion of the opinion of the Oregon Tax Court which holds that the regulation was not an "interpretive" regulation, but was a "legislative" regulation which "has the force of law."

The decision of the Oregon Tax Court is affirmed.