# IN THE TAX COURT OF THE
# STATE OF OREGON

## LAKE BAPTIST CHURCH, INC.
*v.*
## DEPARTMENT OF REVENUE

(TC 4221)

James B. Thwing, Lake Oswego, represented Plaintiff.

Joseph P. Dunne, Assistant Attorney General, Department of Justice, Salem, represented the Defendant.

Decision for Plaintiff rendered April 16, 1998.

**CARL N. BYERS, Judge.**

Plaintiff appeals from the Department of Revenue's (department) opinion and order holding that Plaintiff must pay a late filing fee in order to obtain a property tax exemption under ORS 307.140.[1] Plaintiff claims it was not required to file a new application for the second phase of its building because there had been no change in ownership or use. There being no dispute of material fact, the matter has been submitted to the court on cross motions for summary judgment.

## FACTS

The parties stipulated to the following facts. Plaintiff is a qualified religious organization under ORS 307.140. On January 22, 1992, Plaintiff applied for a property tax exemption. Plaintiff owned nine acres of land on which it intended to construct improvements to be used for a house of public worship, school administration, and other purposes. The construction was planned in three phases, each phase dependent upon the financial condition of the church. The Clackamas County Assessor approved the exemption by letter dated February 7, 1992. Plaintiff commenced construction of its first phase in February 1992. In September 1992, an employee of the assessor's office visited the newly constructed first-phase improvements and estimated their value at $1,344,290.

---

[1] All references to the Oregon Revised Statutes are to 1995.

Plaintiff later leased a portion of its new building to a religious high school. This prompted the Clackamas County Assessor to request an updated application for exemption. Plaintiff submitted an updated application on March 19, 1993, which indicated that the purpose of the property was, "Site of Lake Baptist Church. Portions of the building are co-used by Westside Christian High School during week days. This is under a lease."

Plaintiff commenced construction of Phase II on February 6, 1996, anticipating completion in November 1996. On or about July 15, 1996, midway through construction, the assessor notified Plaintiff that it had failed to apply for tax exemption. Plaintiff intended Phase II to be used for exempt purposes as was Phase I. Because there had been no change in ownership or use, Plaintiff believed it was not required to file a new application. Under protest, it filed a new application. Because the application was late, the assessor required Plaintiff to pay a statutory late filing fee of $1,600.54. Plaintiff appealed to the department, which upheld the late filing fee but reduced the amount to $730. Plaintiff then appealed to this court.

## ISSUE

Was Plaintiff required to file a new application for real property tax exemption for its Phase II construction?

## ANALYSIS

ORS 307.010 defines real property to include, among other things, "all buildings, structures, improvements, machinery, equipment or fixtures erected upon, above or affixed to the same * * *." All real property is subject to assessment and taxation "except as otherwise provided by law * * *." ORS 307.030. Houses of public worship and related religious use are exempt from taxation. ORS 307.140. However, to obtain exemption the organization must apply by filing a application with the county assessor. ORS 307.162.

"If the ownership and use of all property included in the statement filed with the county assessor for a prior year

remain unchanged, a new statement shall not be required." ORS 307.162(1)(a).

The department does not claim that Plaintiff's use or ownership of the property changed. Rather, it contends that the Phase II improvement is not described in the application dated January 22, 1992. In making this argument, the department appears to have overlooked the application dated March 19, 1993, and filed at the assessor's request.

The court notes that the application is on a form prepared by the department. The form contains several boxes with different ways to describe the property. There are blank boxes or spaces for the assessor's account number, code area number, deed volume and page or instrument number, date recorded, lot number, block number, addition name, number of acres, township, and range. On the March 19, 1993, application, these spaces were left blank. Plaintiff completed only the following three spaces: (1) *Property Situs (street address)* in which Plaintiff wrote 4565 Carmen Drive, Lake Oswego, OR; (2) *Section/Subsection* in which Plaintiff wrote the Assessors Map #2 1E O6DD; and (3) *Tax Lot Number* in which Plaintiff wrote 05500 and 05590.

■ Instructions on the form indicate that the applicant should "List all real and personal property for which this exemption is claimed." Plaintiff did not do this. OAR 150-307.162(4) provides that:

"If the assessor returns an application to the owner * * * for completion or clarification, the applicant must return the application to the assessor within 15 days * * *."

■ Although the form anticipates that the applicant will describe the property in greater detail than Plaintiff did, the application form was accepted by the assessor. The assessor's failure to return it for completion is not Plaintiff's error.

The court finds that the broad description of the property in the March 19, 1993, application would include any additions to the building made after the application was filed.

Department contends that newly acquired or constructed property requires a new application. However, the

statute does not address newly acquired or constructed property. It merely states that an application is *not* required if there is no change in the use and ownership of the property "included" in the prior application. Normally, newly acquired property would not have been included in the prior application. However, construction of new improvements may have been "included," depending upon the description used.

Construction of new improvements presents an administrative problem: Should the application be filed before or after construction? Because construction may extend over several months, if the application is filed after completion of construction, then the owner may lose the exemption or incur a late-filing penalty. On the other hand, if the owner files the application before construction begins, then it is faced with the problem of describing and seeking exemption for property that does not exist. The court notes that Plaintiff's first application, filed in 1992, described only the land and not the improvements that were later constructed on that land.

After reviewing the statutory scheme, the court concludes that if the property description used in an application for exemption is broad enough to include additions or improvements, then no new application is required. Otherwise, every time a church adds an awning or a hospital constructs an all-weather walkway, they must reapply for exemption. A broad description of a project as planned serves the purpose intended by the legislature. That purpose is to notify the assessor with regard to property claimed to be exempt; thus enabling the assessor to examine such properties and determine their ownership and use. This is a general pattern with regard to property tax exemptions. *Skyline Assembly of God v. Dept. of Rev.*, 274 Or 259, 265, 545 P2d 879 (1976). If an assessor believes the description is too broad, then the assessor can exempt only those portions that are actually used in a qualified manner. *YMCA v. Dept. of Rev.*, 5 OTR 281 (1973), *aff'd as modified* 268 Or 633, 522 P2d 464 (1974). If the assessor receives a broad description of property and determines that no portion is being used in a qualified manner, then the assessor can deny the entire exemption. *Golden Writ of God v. Dept. of Rev.*, 300 Or 479, 713 P2d 605 (1986).

In summary, the Stipulation of Facts indicates that Plaintiff's March 19, 1993, application described the subject property by a street address, the assessor's map number, and two tax lot numbers. With this broad description, the March 19, 1993, application is sufficient to cover the newly constructed real property that falls within that description. Now, therefore,

IT IS ORDERED that Plaintiff's Motion for Summary Judgment is granted, and

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment is denied.