CLEVELAND CARE CENTERS, INC.,
*Plaintiff,*

*v.*

CLACKAMAS COUNTY ASSESSOR,
*Defendant.*

(TC-MD 011236C)

Carol Vogt Lavine, Portland, filed the motion for Plaintiff.

Susie L. Huva, Clackamas County Assistant County Counsel, Oregon City, filed the motion for Defendant.

Decision rendered in part for Plaintiff and in part for Defendant February 25, 2003.

### DAN ROBINSON, Magistrate.

Plaintiff appeals Defendant's denial of a property tax exemption under ORS 307.330 for the 2001-02 tax year. The matter was submitted to the court on stipulated facts and cross motions for summary judgment. Plaintiff was represented by Carol Vogt Lavine, a Portland attorney. Defendant was represented by Susie L. Huva, Clackamas County Assistant County Counsel.

## I. STATEMENT OF FACTS

The following stipulated facts are relevant to the court's determination. Plaintiff owns real property located in Clackamas County, Oregon, identified by the Clackamas County Tax Assessor by two separate property tax accounts, with two separate tax lot descriptions: Account 00407170, also known as 21E 35BC 03000 (Parcel 3000), and Account 00407161, also known as 21E 35BC 02900 (Parcel 2900). The two tax accounts share a single street address: 2330 Debok Road, West Linn, Oregon. Parcel 3000 originally included a 62-bed nursing facility. An 18-bed wing was added to the existing nursing facility and a 70-bed residential care facility was constructed on Parcel 2900. When the new wing was completed in January 2001, 18 patients from the original 62-bed facility were moved into the new wing. The remaining 44 patients were moved into the new residential care facility on Parcel 2900 until renovation of the pre-existing structure on Parcel 3000 was completed in August 2001.

Gregory A. Damico (Damico) is a certified public accountant practicing in Oregon and Washington. On April 2, 2001, Damico filed an Application for Cancellation of Assessment on Commercial Facilities Under Construction on behalf of Edgar Cleveland, the owner of Cleveland Care Centers, Inc. (Cleveland), pursuant to ORS 307.340. Written authorization was not filed with the application authorizing Damico as Cleveland's representative for tax purposes. An attachment to the application stated that Edgar Cleveland was unable to sign the application due to illness, but an authorization would be completed and sent to the assessor as soon as possible. The form application used in this case was obtained from the assessor. No additional instruction sheet was provided with the form and no separate instructions are published by the assessor. The documents submitted to the assessor are identified as Stipulated Exhibits A and B, and comprise all the documents submitted to the assessor by Damico on or before April 2, 2001, in support of the request for exemption.

On July 25, 2001, Defendant sent Damico a letter denying the application due to late filing, because it was postmarked on April 2, 2001. Damico subsequently advised Defendant that April 1, 2001, was a Sunday, so the application deadline was extended to include the next business day (April 2, 2001) pursuant to ORS 305.820(2).[1] Defendant then agreed the application was timely filed, and began processing it. On September 17, 2001, Defendant sent another letter denying the application. The stated reasons for the denial were that (i) no authorization had been provided by Cleveland authorizing Damico to act as his representative for tax purposes, and (ii) the building on the property identified as Account 00407170 (Parcel 3000) was occupied prior to January 1, 2001.

The first written authorization of Cleveland to recognize Damico as his representative for tax purposes was signed on September 26, 2001. That authorization was attached to the Complaint filed in the Magistrate Division on December 17, 2001. A separate authorization letter was also

---

[1] All references to the Oregon Revised Statutes (ORS) are to 1999.

sent to the assessor by Cleveland authorizing Damico to represent him. That letter was dated December 5, 2001.

The application contains a section with the heading: "Description of Property." In that section, the account number of the property was identified as 00407170, and it was reported that the property was located in the City of West Linn. Not one of the other blanks in that section was completed. Cleveland's name and Account 00407170 were in the heading of the statement attached to the application.[2] In another section of the application, the street address of the improvement was identified as 2330 Debok Road, West Linn, Oregon.

The wing added to the structure on Parcel 3000 and the new structure built on Parcel 2900 were: (1) in the process of construction on January 1, 2001; (2) not in use or occupancy on January 1, 2001; (3) not in use or occupancy at any time prior to January 1, 2001; (4) constructed in furtherance of the production of income; and (5) first used or occupied more than one year from the time construction commenced.

The parties disagree as to whether Plaintiff took appropriate steps to claim the exemption. They agree that if appropriate steps were taken, the building on Parcel 2900 meets the requirements for the cancellation of assessment under ORS 307.330. The parties further agree that if an addition attached to an existing and occupied building or structure qualifies for exemption under ORS 307.330, then the new wing added to the existing structure on Parcel 3000 also meets the requirements for cancellation of assessment (in terms of having been in the process of construction and unoccupied on the assessment date, etc.).

## II. ISSUES PRESENTED

The overarching issue in this case is whether either the new building or the addition to the existing building are

---

[2] The statement reads:

"Declaration was signed by Gregory A. Damico, an Oregon certified public accountant; license #8473. Due to a serious illness, the owner, Mr. Edgar Cleveland, was unable to sign the application and Mr. Damico is signing it on his behalf. An appropriate authorization will be completed and forwarded to the assessor, as soon as possible."

entitled to exemption under ORS 307.330 for the 2001-02 tax year. That question will be resolved based on Plaintiff's compliance with the filing requirements set out in ORS 307.340. The parties raise an additional question of whether an addition to an existing building can legally qualify for the exemption.

## III. ANALYSIS

ORS 307.330 provides a tax exemption to properties, which, on January 1, are in the process of being constructed to produce income, provided the building, structure, or addition is not in use or occupancy on January 1, and has not been so used or occupied prior to January 1.[3] In the case of nonmanufacturing facilities, such as the subject property, use or occupancy cannot take place for at least one year from the time construction begins. In order to qualify for the exemption a taxpayer must comply with the requirements of ORS 307.340, which provides, in relevant part:

"(1) The property described in ORS 307.330 shall be listed for ad valorem property taxation, but the assessor shall cancel the assessment for any assessment year upon receipt of sufficient documentary proof that the property meets all the conditions contained in ORS 307.330. Such proof shall be filed with the assessor on or before April 1 of such year. No cancellation of the assessment shall be made unless the required proof is filed within the time prescribed by this section."

---

[3] ORS 307.330 provides, in relevant part:

"(1) Except for property centrally assessed by the Department of Revenue, each new building or structure or addition to an existing building or structure is exempt from taxation for each assessment year of not more than two consecutive years if the building, structure or addition:

"(a) Is in the process of construction on January 1;

"(b) Is not in use or occupancy on January 1;

"(c) Has not been in use or occupancy at any time prior to such January 1 date;

"(d) Is being constructed in furtherance of the production of income; and

"(e) Is, in the case of nonmanufacturing facilities, to be first used or occupied not less than one year from the time construction commences. Construction shall not be deemed to have commenced until after demolition, if any, is completed."

## A. *New Wing Added To Existing Structure*

■ There can be no doubt that the statutory exemption encompasses additions to existing structures. The statute provides, in relevant part, that "[e]ach new building or structure **or addition to an existing building** or structure is exempt from taxation * * * if the building, structure or **addition** * * *." ORS 307.330(1) (emphasis added). Moreover, the administrative rule provides, in part:

> "*Addition to an existing building or structure,* includes any enlargement or modification of such building or structure. An example of enlargement of a building would be the construction of additional stories or **the erection of a new wing** on a building already standing on the site. * * *"

OAR 150-307.330(1)(b) (emphasis added) (italics in original).

The statute and rule make clear that the new wing Plaintiff added to the existing building on Parcel 3000 is entitled to assessment cancellation provided all the other requirements for exemption are satisfied. In the context of the present case, the only remaining question is whether sufficient documentary proof of qualification was filed in accordance with ORS 307.340.

## B. *Sufficient Documentary Proof*

Plaintiff takes the position in its Cross Motion for Summary Judgment that if the court determines, as it has, that an addition to an existing structure can legally qualify for an exemption under ORS 307.330, the new wing added to the existing facility on Parcel 3000 is automatically entitled to the exemption because of the parties' Stipulated Fact #16. Stipulated Fact #16 reads: "[t]he parties agree that if an addition attached to an occupied building or structure qualifies for exemption under ORS 307.330, the new wing added to the existing structure on Parcel 3000 meets the requirements for the cancellation of assessment." Defendant rather vehemently disagrees with Plaintiff's assertion, arguing that it is not enough that the property qualifies; the owner must timely submit sufficient proof that the statutory conditions are met. Again, ORS 307.340(1) provides, in relevant part:

> "[T]he assessor shall cancel the assessment for any assessment year upon receipt of sufficient documentary proof that

the property meets all of the conditions contained in ORS 307.330. Such proof shall be filed with the assessor on or before April 1 of such year. No cancellation of assessment shall be made unless the required proof is filed within the time prescribed by this section."

■ Neither the statute nor the administrative rule elaborates on the "sufficiency" requirement. It is clear that whatever documentary proof is submitted, it must be filed by the April 1 deadline or assessment cancellation cannot be allowed. Plaintiff argues that the application was timely filed and that it included all the information necessary to apprise the assessor that exemption was being sought for all the new construction at the property address and that the assessor was aware of the addition to the existing building (as well as the new building) because someone from that office inspected the property on January 17, 2001, which is only weeks after the applicable assessment date and prior to the date Plaintiff's exemption application was filed. Plaintiff further argues that the application encompasses all of the property identified by both account numbers because it gave the property address, the owner's name and address, the starting date and estimated completion date of construction, and an affirmation that the requirements of ORS 307.330 were met. Moreover, a cover letter attached to the application advised the assessor of the owner's serious illness and offered Defendant an opportunity to tour the facility if Defendant so desired.

Defendant insists "ORS 307.330 includes an implicit duty to be clear about what property, or portion of property, is proposed for exemption." In that regard, Defendant notes that Plaintiff's application identified the property on Parcel 3000 by account number and street address only, and made no mention of the fact that an addition was being constructed and that exemption was being sought for the addition. Neither did the application apportion value between the existing structure and the addition nor set forth the cost of the new construction. Of the 11 boxes in the portion of the application titled "DESCRIPTION OF PROPERTY," Defendant notes that Plaintiff provided information in only two: the property tax account number and the city where the property is located. Further down in the application the applicant is asked to provide cost information for the "building, structure,

or addition" and to "[d]escribe [the] use of building, structure, or addition." Plaintiff indicated the cost information was "to be provided" and described the use as "RETIREMENT FACILITY." Defendant argues that "[t]he Application appears to seek cancellation of the entire assessment for this tax account," which would include the existing, nonqualifying structure. Finally, Defendant argues the application, which was signed by Damico and not the owner, is flawed on its face because the form requires the signature of the owner, who must declare under penalties of false swearing that the information is true, correct, and complete.

Defendant cites *Urban Off. & Parking v. Dept. of Rev.*, 4 OTR 523, 529 (1971), for the proposition that a completed application must be submitted in order to obtain the exemption and that the form constitutes an administrative regulation that has the force of law. Presumably Defendant's point is that the statutory requirement of sufficient documentary proof, coupled with the information requested in the form prepared by the governing regulatory body and addressed in the court's decision in *Urban Office*, require that the form be completed in its entirety and signed by the owner. Defendant reads too much into *Urban Office*. In that case the plaintiffs failed to file **any** documentary proof. The court rejected the plaintiffs' contention that the statute (ORS 307.340) did not require a specific party to furnish the necessary documentary proof. The plaintiffs insisted they were entitled to the exemption because the property qualified under the statute and the assessor was aware of the new construction and had in its office the necessary information proving that the statutory requirements were met. *Id.* at 524, 530. The main issue in that case was whether the statute required a filing and whether the agency's rule requiring that an application be filed was valid. *Id.* at 526. The rule in *Urban Office* is that an application must be filed by the party seeking the exemption because it is a regulatory precondition to exemption under ORS 307.330. *Id.* at 530. Here the issue is not whether an application is required, but the amount of information necessary to satisfy the statutory requirement of sufficient documentary proof. Therefore, *Urban Office* is not on point.

 The definition of "sufficient" is not helpful in deciding what is meant in the context of ORS 307.340 because it simply means "adequate" or "enough."[4] The application form was developed by the Department of Revenue and there is strong reason to believe that, not only can an assessor rely on that form in evaluating a request for exemption, but demand the form be at least substantially and accurately completed. At the same time, rigid adherence to a policy of requiring every question on the form to be answered seems unnecessary. In fact, if that was Defendant's policy, then one wonders why it even bothered to continue reviewing Plaintiff's application after the initial (and erroneous) denial for untimeliness. A second (and nearly immediate) denial for failure to complete the form would seem to have been in order. Instead, Defendant disagreed with the information that was supplied in the application, determining that the property was in use on the assessment date.

Defendant argues that the information in Plaintiff's application is insufficient under the Supreme Court's decision in *Amer. Condomin. Homes v. Dept. of Rev.*, 274 Or 335, 546 P2d 466 (1976). The facts in *American Condominium* are similar to those in *Urban Office*. In each case the plaintiffs failed to file an application and in each case the exemption was denied. The one obvious difference between those two cases is that in *American Condominium* the plaintiffs had filed an application the previous year and argued that that information, when combined with information in the county assessor's appraisal report and statements in its brief protesting the denial, was sufficient to entitle it to the exemption. The present case is distinguished because here an application was filed, and filed timely, for the year in which the exemption was sought, and the question is whether the information in the application satisfies the requirements of ORS 307.340 in terms of sufficiency. The court concludes that it does.

---

[4] The word "sufficient" is defined as "1 : marked by quantity, scope, power, or quality to meet with the demands, wants, or needs of a situation * * * syn ENOUGH, ADEQUATE, COMPETENT: SUFFICIENT is likely to refer to a quantity or scope that meets the demands of a specific situation * * *." *Webster's Third New Int'l Dictionary* 2284 (unabridged ed 1993).

The application gave the correct account number for the addition to the existing building, the physical street address for that account and building, the start date and estimated completion date of the new construction, the owner's name, address and phone number, and an explanation that the owner was medically debilitated because of a serious illness. It is true that the application did not indicate that the exemption was sought for an addition to an existing building, but the information on the start and completion dates for the construction alerted the assessor that there was new construction and an appraiser from the assessor's office visited the property shortly after the applicable assessment date. The court agrees that Plaintiff should have included the cost information because the application asks for that information and the statute requires that the property be listed for ad valorem property taxation and the assessment canceled if the property is deemed to qualify. Defendant argues that the assessor was unable to cancel a portion of the value without evidence of the cost or value associated with the new wing. The court disagrees because the assessor is required to value all property each year and it would have to ascertain the value of the new wing whether the exemption was granted or not. None of the existing case law goes so far as to require that every piece of information requested on the application be provided before an exemption can be allowed and the court is not now ready to so hold.

■ Defendant denied the exemption in part because the property was occupied on or before January 1, 2001, which is not true for the addition. The second reason for Defendant's denial is that Damico did not submit an authorization to represent. Defendant argues the application is facially flawed because it requires the signature of the owner, who must attest that the document is true, correct, and complete "to the best of [the applicant's] knowledge." As Plaintiff notes in its cross motion, the statute does not require that the application be signed by the owner or an agent with written authorization. In fact, the statute does not specify who can or must sign the application, and an agent may do any act authorized by its principal unless contrary to law. Damico clearly indicated on the application that he was acting as an agent, and

emphasized the point in the statement attached to the application. Defendant communicated with Damico while processing the application and sent both denials to Damico. If Defendant believed Damico was not authorized, it should have directed its correspondence to the owner, whose name and address were on the application. Finally, there is no allegation that any of the information provided in the application was false or inaccurate and an agent is as qualified as the principal to examine the form that person completes and declare to the best of the agent's knowledge that the information is true, correct, and complete. In the middle portion of the application there is a list of the statutory exemption requirements from ORS 307.330 and a statement that the "undersigned owner" affirms the facility meets those requirements. Damico was not the owner, but as the owner's agent he affirmed that the property qualified.

The court concludes that the information provided in the application was sufficient under the applicable statutes to entitle Plaintiff to an exemption on the new wing added to the existing structure on Parcel 3000. Specifically, the court concludes that the requirements in ORS 307.340 that sufficient documentary proof be filed on or before April 1 in order for the cancellation of assessment to occur, were met.

C. *The New Building on Parcel 2900*

■ The request for exemption on the new facility constructed on Parcel 2900 presents a greater problem for Plaintiff. Plaintiff did not file a separate application for this property and the application Plaintiff did file did not include the account number for the new building on Parcel 2900, which is on a separate tax lot (Account 00407161, 21E 35BC 02900). In its per curiam decision in *American Condominium* the Supreme Court found that information contained in an application for the previous year was not sufficient for the subsequent year. 274 Or at 338. And, *Urban Office* affirms the statutory requirement of an application as provided in ORS 307.340.

In *Lake Baptist Church, Inc. v. Dept. of Rev.*, 14 OTR 297 (1998), a case involving an exemption application for a religious organization under ORS 307.140, the court found

that a description of the property in the plaintiff's 1993 application indicating that the "purpose" of the property was the site of the Lake Baptist Church, and that portions of the property were co-used during the week by a Christian school under lease, was broad enough to "include any additions to the building made after the application was filed." *Id.* at 300. The issue in that case was whether the building added in 1996 was covered by the application filed in 1993. The court found that it was. Under the *Lake Baptist* rationale a strong argument can be made that the application in this case is sufficient because it describes the property by physical street address and includes information on the new construction time frame. Plaintiff further argues that any deficiencies in the application in terms of missing information were due to the owner's stroke and that its agent, Damico, provided all the information available. The parties agree that the property qualifies provided the filing requirements in ORS 307.340 are satisfied. The opposing argument, the one made by Defendant and mentioned above, is that no application was ever filed for the property on Parcel 2900. Of course the assessor was aware of the construction of both the new wing and the new structure on Parcel 2900, but the statute places the onus on the applicant to timely submit sufficient documentary proof that the requirements of ORS 307.330 are met. And, it is not unreasonable for the assessor, although aware that there is new construction on both accounts, to assume that an applicant providing only one account number was not seeking exemption for the other account for whatever reason. Of course the question is not whether such an assumption is reasonable but whether the application satisfies the statutory requirements.

The court is not prepared to hold that an application specifying one account number is sufficient to constitute an application for exemption for buildings identified by a separate account number and located on a separate tax lot.

## IV. CONCLUSION

ORS 307.330 sets forth the requirements for obtaining an exemption for a commercial facility under construction. ORS 307.340 requires the timely filing of sufficient documentary proof that the property satisfies the requirements

of ORS 307.330. The property at issue (on both Parcels) met the requirements of ORS 307.330. Plaintiff minimally satisfied the requirements of ORS 307.340 with regard to the addition to the existing building on Parcel 3000. Plaintiff did not file an application for the new building on Parcel 2900 and the application for Parcel 3000 did not encompass Parcel 2900. Now, therefore,

IT IS THE DECISION OF THIS COURT that, for the 2001-02 tax year, Plaintiff's appeal is granted in part and denied in part. Plaintiff is entitled to an exemption for the addition added to the existing building on Parcel 3000 (Account 00407170). Plaintiff is not entitled to an exemption for the building on Parcel 2900 (Account 00407161).