Argued December 8, 1964, reversed June 3, petition for
rehearing denied June 29, 1965

# UNION PACIFIC RAILROAD COMPANY ET AL *v.*
# STATE TAX COMMISSION

402 P. 2d 519

*Alfred B. Thomas,* Salem, argued the cause for appellant. With him on the briefs were Robert Y. Thornton, Attorney General, and Theodore W. deLooze, Assistant Attorney General, Salem.

*Samuel B. Stewart,* Portland, argued the cause for respondents. With him on the briefs were Randall B. Kester, John R. Hay, Edward L. Epstein, and Rockwood, Davies, Biggs, Strayer and Stoel, Portland.

Before PERRY, Presiding Justice, and SLOAN, O'CONNELL, GOODWIN, DENECKE and LUSK, Justices.

GOODWIN, J.

The Tax Commission appeals from a decision of the Tax Court which construed ORS 317.074 as applied to the tax years 1956, 1957, and 1958 and granted refunds to a group of similarly situated railroads. The several cases are consolidated here as they were below. The Tax Court decision is reported in 1 OTR Adv Sh 527 (1964).

All the taxpayers were centrally assessed corporations engaged as common carriers in interstate and intrastate commerce. During the years in question the taxpayers were required to compute their net income for Oregon excise tax purposes according to the provisions of ORS 317.074. The controversy in this case involves only the treatment of interest which may have been deductible as an expense. The Commission's denial of the right to deduct interest was the equivalent of allocating to Oregon income interest which the taxpayers contend should not have been so allocated.

Prior to 1955, centrally assessed corporations (utilities and carriers) were not subject to the corpora-

tion excise tax. The statute which in 1955 subjected such taxpayers to a transitional form of the corporation excise tax provided that the State Tax Commission could, by regulation, make rules for the allocation of income. (This scheme was terminated in 1959, and is no longer in force in exactly the same manner that it was during the tax years now under consideration.)

The railroads contend that the Commission's pre-existing regulations with reference to interest were not intended to be applicable under the 1955 statute, and that the Commission exceeded its authority when it applied to these taxpayers a regulation which required them to recompute their interest income and expense.

The regulation, which covered all taxpayers subject to the corporation excise tax, provided:

"* * * Corporations using the apportionment method must include in apportionable income interest received to the extent of the deduction for interest paid * * *." Reg. 7.180 (1) (B), Personal Income and Corporation Income and Excise Tax Laws and Regulations (Oregon State Tax Commission, 1955).

The taxpayers contend that in light of the legislative history of the statute which brought them within the excise-tax scheme it can be said that the legislature did not intend this regulation to apply to these taxpayers, and therefore such an application was beyond the regulatory powers conferred upon the Commission by ORS 317.074.

The Tax Court construed the regulatory powers of the Commission narrowly, and held that if the legislature had intended the interest regulation to apply to the newly inducted class of excise taxpayers it would have said so. The Commission contends that

if the legislature had intended to exclude the new group of taxpayers from the operation of the regulation, it would have said so.

■ We have been unable to read into the silence of the legislature on this point the meaning attributed to it by the trial court. We are of the opinion that the failure of ORS 317.074 to shed any light upon the applicability of the challenged regulation with reference to this class of taxpayers could very well mean that the legislature had not addressed itself to the particular problem at all. The matter is, as far as legislative intent is concerned, a stand-off.

Despite the complexity of the statutory scheme and the various regulations promulgated by the Commission pursuant thereto, the issue in this case is simply whether or not the Commission exceeded its statutory authority when it applied its existing regulation to a new class of taxpayers.

The Tax Court was of the opinion that because ORS 317.074, the statute which provides how the net income of the newly taxed class of corporations should be reported, permitted the subtraction of income earned from property outside the state, the Commission had no authority to limit the subtraction of such net income by any pre-existing regulation offsetting interest earned against interest paid.

The Commission defended its application of the regulation to these taxpayers by noting that ORS 317.074 refers to the Commission's regulations in providing for the subtraction "under rules and regulations adopted by the Commission," and also incorporates by reference ORS 317.180, which confers upon the Commission the power to promulgate regulations such as Reg. 7.180. The Commission argues that the application of the regulation to these taxpayers is not only

consistent with the general scheme of corporate excise taxation as applied to other taxpayers, but it is also consistent with the provisions of ORS 317.074 concerning these taxpayers. Consequently, the Commission argues that, in the light of the purpose for which the regulation was adopted, it had the authority to apply the regulation to these taxpayers. The purpose of the regulation, the Commission says, is to eliminate any incentive a corporation subject to the Oregon excise tax might have to operate in Oregon on borrowed money, deducting the interest as an expense apportionable to Oregon operations, while at the same time lending money elsewhere and earning tax-free interest income on investments outside Oregon.

■ There is no evidence that the taxpayers in the case at bar had ever attempted by this method to avoid the payment of taxes upon Oregon income. However, the fact that an evil which a regulation was intended to remedy may not exist in a particular case does not make the regulation itself void.

■ We hold that the regulation was duly promulgated under specific legislative authority, and that it has the force of law. *Arnold v. Gardiner Hill Timber Co.*, 199 Or 517, 523, 263 P2d 403 (1953). Since we cannot say as a matter of law that the Commission exceeded its authority, we hold that the regulation was valid as applied. Accordingly, it was error to allow the refunds.

Reversed.