## LEGACY HEALTH SYSTEM
*v.*
## DEPARTMENT OF REVENUE
(TC 3581)

Jack L. Orchard, Ball, Janick & Novack, Portland, represented plaintiff.

Ted E. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for plaintiff rendered July 25, 1994.

### CARL N. BYERS, Judge.

This matter is before the court on defendant's Motion for Summary Judgment. Plaintiff's complaint raises two issues: (1) Is plaintiff a "hospital" within the meaning of ORS 267.380(1)(b)? (2) Was the tax for the fourth quarter of 1992 properly assessed? Resolution of the first issue is dispositive of this case.

Plaintiff was organized in 1988 as a nonprofit corporation and qualified as a charitable organization under IRC § 501(c)(3). Its purpose is to provide nonmedical services,

including overall coordination, planning and support services to five hospitals and other health care providers. The hospitals qualify as charitable organizations under IRC § 501(c)(3).

Plaintiff seeks a refund of Tri-County Metropolitan Transportation District (Tri-Met) taxes for 1990, 1991 and 1992. The Tri-Met enabling legislation authorizes an excise tax on employers. ORS 267.380(1)(b) defines "employer" but excludes from the definition:

"[A]n organization exempt from taxation under section 501(c)(3) of the Internal Revenue Code, as amended and in effect on December 31, 1988, except that 'employer' does include hospitals."

Department, in its Opinion and Order No. 93-4317, found that plaintiff is a hospital and denied its claims for refund. The appeal to this court ensued.

Plaintiff contends that it is not a hospital. Plaintiff's opening brief states:

"Plaintiff does not own, operate, staff or provide any professional medical or health care services to any health care facility. * * *

"Plaintiff provides a variety of non-medical services relating to the functioning of these various facilities/entities in an integrated health care system."

Defendant contends that plaintiff obtained its IRC § 501(c)(3) status only because it is an integral part of the hospital system. If plaintiff's identity with exempt hospitals is sufficient to justify IRC § 501(c)(3) status, defendant believes it sufficient to support the taxing of plaintiff as a hospital.

■    However, the characteristics required to qualify as a charitable organization under IRC § 501(c)(3) are not necessarily the characteristics of a hospital. Promoting health care generally is a charitable purpose. A health care organization does not have to be a hospital to qualify as an exempt organization under IRC § 501(c)(3). *Sound Health Association v. Commissioner*, 71 TC 158 (1978). The portion of plaintiff's Internal Revenue Service letter ruling quoted in defendant's Opinion and Order No. 93-4317 indicates that plaintiff qualified on two grounds. First, plaintiff was "an

integral part of the integrated hospital system." Second, plaintiff was "an integral part of the home health care and nursing home system."

■          In construing ORS 267.380(1)(b), it is well to remember that "words of common usage are to be given their natural, plain and obvious meaning." *Perez v. State Farm Mutual Ins. Co.*, 289 Or 295, 299, 613 P2d 32 (1980). The word "hospital" is one of common usage. Its common meaning refers to a staff of health care professionals providing a full range of medical care in a particular building or facility where the patients often are required to stay overnight. Unless the court ignores the separate corporate entities, an approach even defendant has not suggested, it is clear plaintiff is not a hospital. As a support organization, plaintiff provides services to more than just hospitals. Plaintiff is broader in scope and of a different nature than a hospital. Accordingly, plaintiff is exempt from tax under ORS 267.385. Now, therefore,

IT IS ORDERED that defendant's Motion for Summary Judgment is denied and judgment will be entered in favor of plaintiff. Costs to neither party.