**LANE TRANSIT DISTRICT,**
*Plaintiff,*

*v.*

**PEACEHEALTH,**
and Department of Revenue,
*Defendants.*

(TC 4599)

Trial was held July 21, 2003, in the courtroom of the Oregon Tax Court, Salem.

Joe B. Richards, Luvaas Cobb, Eugene, filed the motion for summary judgment and argued the cause for Plaintiff (taxpayer).

Wendy Sanderson, Assistant Attorney General, Department of Justice, Salem, filed the cross-motion for summary judgment and argued the cause for Defendant (the department).

Josephine Mooney, Calkins & Calkins, Eugene, filed the motion for summary judgment and argued the cause for Defendant PeaceHealth.

Decision for Plaintiff rendered May 20, 2004.

**HENRY C. BREITHAUPT, Judge.**

## I.   INTRODUCTION

This matter is before the court on cross-motions for summary judgment. Pursuant to ORS 305.620,[1] the Lane County Mass Transit District (LTD) and defendant Department of Revenue (the department) entered into an agreement whereby the department was to supervise and administer collection of payroll and self-employment taxes that LTD is authorized to impose under ORS 267.385 (transit tax). Defendant PeaceHealth (PeaceHealth) paid such taxes to the department. It then applied to the department for a refund of a portion of the taxes and the department paid the refund. In this proceeding, brought pursuant to ORS 305.620(8), LTD challenges the propriety of that refund. LTD asserts that under the provisions of ORS 267.380(1)(b) and OAR 150-267.380(2)(8), PeaceHealth is an employer required to pay transit payroll tax.

## II.   STATEMENT OF FACTS

The facts established pursuant to TCR 47 by affidavit or otherwise are as follows:

PeaceHealth is a nonprofit corporation organized under the laws of the State of Washington and exempt from federal income taxation under Internal Revenue Code (IRC) section 501(c)(3). PeaceHealth operates through divisions rather than separately incorporated subsidiaries.

In Lane County, PeaceHealth owns and operates several facilities, including Sacred Heart Medical Center, Cottage Grove Hospital, PeaceHealth Medical Group, South Lane Medical Group, and Oregon Medical Laboratories. Sacred Heart Medical Center and Cottage Grove Hospital are licensed as hospitals, but the other facilities are not so licensed. Each of the facilities uses workers, all of whom are employed by PeaceHealth.

---

[1] All references to Oregon Revised Statutes (ORS) are to 2001. All references to the Oregon Administrative Rules (OAR) are to those in effect January 1, 2002.

PeaceHealth originally paid transit tax on all of its employees in Lane County. It then applied for and received from the department a refund of taxes paid in respect of persons who worked at the PeaceHealth Medical Group and Oregon Medical Laboratories facilities. The department, administering LTD's tax collection process pursuant to an agreement authorized by ORS 305.620, paid a refund to PeaceHealth of $538,731.78. LTD challenges that refund action as improperly granted.

## III. ISSUE

Is LTD payroll tax due in respect of individuals working in divisions of an organization exempt from federal tax under IRC section 501(c)(3), where some of the facilities operated by the organization are hospitals and others are clinics and laboratories?

## IV. ANALYSIS

The statute in question here is ORS 267.380, which provides, in relevant part:

"(1)  As used in ORS 267.380 and 267.385, unless the context requires otherwise:

"(a)  'Employer' means:

"(A)  A person who is in such relation to another person that the person may control the work of that other person and direct the manner in which it is to be done;

"(B)  An officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee or member is under a duty to perform the acts required of employers by ORS 316.162 to 316.212; or

"(C)  The State of Oregon or any political subdivision in this state, except for a school district as defined in ORS 255.005(9), with respect to work performed within the district by an employee of the State of Oregon or of the political subdivision.

"(b)  'Employer' does not include an organization exempt from taxation under section 501(c)(3) of the Internal Revenue Code, as amended and in effect on December 31, 1996, except that 'employer' does include hospitals."

The statutory exemption in subsection (1)(b) was added to ORS chapter 267 in the 1971 legislative session. The court takes judicial notice of the fact that in 1971 the world of healthcare organizations was simple by comparison to what it has evolved into today. Between 1971 and the present, healthcare organizations have become more complex, due to the number of services provided and the now-common practice of organizing those services into one or more legal entities.

Likewise, PeaceHealth has evolved in its operations between 1971 and the years at issue here. While it did not adopt the multiple corporation structure chosen by many, it did expand its operations in Lane County from traditional hospital services to a more integrated operation, adding off-site clinics and laboratories to its preexisting hospital operations. All such operations were conducted within one corporate entity and that corporate entity, PeaceHealth, for general purposes of state law, employed all individuals who worked in Lane County.

Therefore, under ORS 267.380, the corporate entity known as PeaceHealth is the employer of the persons working in Lane County. *See* ORS 267.380(1)(a). It is the corporate entity that legally enters into the employment arrangement and has the ultimate authority, albeit acting through individual officers and agents, to control and direct the work of those individuals at issue here. PeaceHealth does not contend otherwise.[2]

The issue therefore becomes whether PeaceHealth is described in ORS 267.380(1)(b). All parties concede that PeaceHealth is an organization exempt from tax under IRC section 501(c)(3) and therefore is covered by the general description in the transit tax statute exempting such organizations. However, the parties disagree as to whether PeaceHealth is a "hospital," and therefore made subject to the tax. It is clear from the stipulated facts that PeaceHealth

---

[2] If PeaceHealth were to assert that some other legal entity was the employer of the individuals, that other entity would need to be one qualifying for exemption under IRC section 501(c)(3) if it wished to claim exemption under ORS 267.380(1)(b).

combines traditional hospital services or features with services and features that, while related to healthcare, are not within what was the common understanding of the term *hospital* in 1971. A review of the statutory language and history indicates that the legislature did not contemplate that a single corporate organization might contain hospital and nonhospital operations. The term *hospital* was, or over time became, an inexact term. The department has promulgated a rule defining the term. That rule, in relevant part, defines a hospital as:

> "(a)  A permanent facility or organization with facilities that include inpatient beds, and with medical services, including physician services and continuous nursing services under the supervision of registered nurses, to provide diagnosis and medical or surgical treatment primarily for but not limited to acutely ill patients and accident victims, or to provide treatment for the mentally ill.

> "(b)  A hospital's parent or subsidiary 501(c)(3) organization that provides administrative and support functions to the hospital."

OAR 150-267.380(2)(8).

Under that rule PeaceHealth is, in the court's view, a hospital because its operations include providing inpatient beds and medical services, which include physician services and "continuous nursing services under the supervision of registered nurses" who provide diagnosis and medical or surgical treatment. *Id.* Further, PeaceHealth provides administrative and support functions for the hospitals within its ownership.

The rule adopted by the department is within the scope of its rulemaking authority. ORS 305.100. A department employee purported to apply the rule in issuing the refund involved in this case. LTD asserts that action was incorrect, but the department has not offered a construction of the rule that would support its determination and exclude PeaceHealth from its definition of a hospital.

The conclusion reached here is not an unreasonable one. PeaceHealth, the sole legal entity, owns and operates

several hospitals. It also owns and operates several nonhospital facilities, such as PeaceHealth Medical Group and Oregon Medical Laboratories. There is nothing in the statutory provision or the department's rule that permits segregation of employees or operations within one corporation. The statutory relief is available to an employing organization and not to portions or divisions of such an organization.[3]

## V. CONCLUSION

For purposes of ORS 267.380, PeaceHealth is a hospital and therefore an employer under the LTD tax regime at issue here. For the foregoing reasons, LTD's Motion For Summary Judgment is granted, the department's Cross-Motion For Summary Judgment is denied, and PeaceHealth's Motion For Summary Judgment is denied. Now, therefore,

IT IS ORDERED that Plaintiff's Motion For Summary Judgment is granted,

IT IS FURTHER ORDERED that Defendant PeaceHealth's Motion For Summary Judgment is denied, and

IT IS FURTHER ORDERED that Defendant Department of Revenue's Cross-Motion For Summary Judgment is denied. Costs to no party.

---

[3] Taxpayer could segregate its activities into separate organizations, some of which do not possess hospital features and are the type of organization (*i.e.*, corporation, funds, or foundations) to which IRC section 501(c)(3) may apply. The court notes that ORS 267.380 looks only to organizations that could obtain exemption from federal income tax under IRC section 501(c)(3). PeaceHealth has not presented, nor is the court aware of, any authority indicating that, under federal tax law, a division of a corporation could obtain income tax exemption. The decision in *Legacy Health System v. Dept. of Rev.*, 13 OTR 140 (1994) indicates that where operations are segregated into separate legal entities, the separate organizations that do not have hospital features may qualify for exemption under ORS 267.380, assuming they are able to qualify for exemption under IRC section 501(c)(3). If those separate organizations could not qualify for exemption under IRC section 501(c)(3), of course they could not qualify under ORS 267.380 either.