Argued and submitted May 4, judgment of Tax Court affirmed September 29, 2005

LANE TRANSIT DISTRICT,
an Oregon Mass Transit District,
*Respondent,*

*v.*

PEACEHEALTH,
a non-profit corporation,
*Appellant,*

*and*

DEPARTMENT OF REVENUE,
a department of the State of Oregon,
*Defendant.*

(TC 4599; SC S51617)

121 P3d 1138

Josephine H. Mooney, of Calkins & Calkins, Eugene, argued the cause and filed the briefs for appellant.

Joel S. DeVore, of Luvaas Cobb, Eugene, argued the cause and filed the brief for respondent.

KISTLER, J.

**KISTLER, J.**

The legislature has authorized mass transit districts to impose a payroll tax on employers within the district. ORS 267.385(1). It also has provided that an organization is not an "employer" and thus not liable for the payroll tax if it is both exempt from taxation under IRC § 501(c)(3) and not a hospital. ORS 267.380(1)(b). In this case, the Tax Court concluded that, although defendant[1] is a 501(c)(3) organization, it is a hospital and thus liable for the payroll tax. *Lane Transit District v. PeaceHealth*, 17 OTR 364 (2004). We agree with that conclusion and affirm the Tax Court's judgment.

Plaintiff is a mass transit district. Defendant is a corporation that operates hospitals and related facilities in Alaska, Oregon, and Washington. Within plaintiff's mass transit district, defendant operates two hospitals (Sacred Heart Medical Center and Cottage Grove Community Hospital), two physician clinics (PeaceHealth Medical Group and South Lane Medical Group), and one medical laboratory (Oregon Medical Laboratories).

In 1986, the Internal Revenue Service (IRS) determined that defendant qualified for an exemption under IRC § 501(c)(3), in part, because it found that defendant was an organization described in IRC § 170(b)(1)(A)(iii); that is, the IRS found that defendant was:

> "an organization the principal purpose or functions of which are the providing of medical or hospital care or medical education or medical research, if the organization is a hospital, or if the organization is a medical research organization directly engaged in the continuous active conduct of medical research in conjunction with a hospital[.]"

IRC § 170(b)(1)(A)(iii). Because defendant does not appear to be a medical research organization, the IRS presumably found that defendant was a hospital the primary purpose of which was to provide medical care, medical education, or medical research.

---

[1] Although there are two defendants in this case, only PeaceHealth has appealed from the Tax Court's judgment. We use the term "defendant" to refer to PeaceHealth.

Before 2002, defendant paid payroll taxes on the wages that it paid its clinic, hospital, and hospital administration employees in the transit district. In 2002, the Oregon Department of Revenue (department) determined that defendant did not owe plaintiff any payroll taxes on the wages that it paid its employees in either PeaceHealth Medical Group or the Oregon Medical Laboratory.[2] Consistently with that determination, the department refunded to defendant $538,731.78 in payroll taxes that the department had collected on plaintiff's behalf.

Plaintiff filed a complaint against defendant and the department in the Oregon Tax Court, seeking a judgment directing the department (1) to assess payroll taxes on all defendant's facilities in the transit district, (2) to collect the refunded tax, with interest, from defendant, and (3) to return that sum to plaintiff. On cross-motions for summary judgment, the Tax Court ruled in plaintiff's favor. Applying OAR 150-267.380(2)(8), the court found that defendant is a hospital and thus an employer within the meaning of ORS 267.380(1)(b). It followed, the court reasoned, that defendant was liable for the payroll tax on all its employees within the transit district. The court entered judgment in plaintiff's favor, and defendant has appealed.

The issue in this case arises because defendant is a 501(c)(3) organization that operates both hospital and non-hospital facilities in the transit district. Defendant acknowledges that it owes payroll taxes on its employees who work at its hospitals in the transit district, but it argues that it owes no payroll taxes on its employees who work at its clinics and laboratory in the transit district. Put in statutory terms, defendant argues that ORS 267.380(1)(b) exempts a 501(c)(3) organization from liability for payroll taxes except to the extent that the organization's employees work in a hospital.

Plaintiff responds that liability for the payroll tax does not turn on the nature of the facility in which an employee works but on the nature of the employer. In plaintiff's view, an employer is exempt from the payroll tax only if

---

[2] The department announced its determination in a letter. That letter does not mention the South Lane Medical Group—the other facility that defendant operates in the transit district.

it is (1) a 501(c)(3) organization and (2) not a hospital. Plaintiff disagrees with the assumption, implicit in defendant's argument, that ORS 267.380 permits an employer that qualifies for a 501(c)(3) exemption as a single corporate entity to engage in a facility-by-facility analysis to determine whether it is liable for the payroll tax on some but not all its employees.

In analyzing the parties' arguments, we begin with the text and context of ORS 267.380. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993) (describing statutory construction methodology). As noted, ORS 267.385(1) authorizes a mass transit district to impose a payroll tax on an employer based on the wages that the employer pays its employees within the transit district. ORS 267.380 defines the term "employer" for the purposes of the payroll tax. It provides, in part:

"(1)   As used in ORS 267.380 and 267.385, unless the context requires otherwise:

"(a)   'Employer' means:

"(A)   A person who is in such relation to another person that the person may control the work of that other person and direct the manner in which it is to be done;

"* * * * *

"(b)   'Employer' does not include an organization exempt from taxation under section 501(c)(3) of the Internal Revenue Code, as amended and in effect on December 31, 1996, except that 'employer' does include hospitals."

ORS 267.380.

The text of ORS 267.380 does not support defendant's position. ORS 267.380 does not say that a single corporation can be an "employer" for some of its employees but not for others depending on the facility in which the corporation's employees work. Rather, under the text of the statute, a corporation either is or is not an employer for the purposes of the payroll tax.

That much follows from the legislature's use of the verb forms "does not include" and "does include." The first

verb form "does not include" excludes from the definition of "employer" organizations that are exempt from taxation under IRC § 501(c)(3). The use of the second verb form "does include" in the exception brings back within the definition of employer an organization that is exempt from taxation under 501(c)(3) but also is a hospital. Under the plain text of ORS 267.380(1)(b), the question is whether a 501(c)(3) organization, as a whole, is a hospital and thus liable for the payroll tax.

That conclusion leaves one issue unresolved: When will a 501(c)(3) organization that includes both hospital and nonhospital facilities be considered a hospital for the purposes of ORS 267.380? The department has promulgated an administrative rule that addresses that issue. OAR 150-267.380(2)(8) provides, in part:

> "For the purposes of ORS 267.380(2)(a), a hospital is defined as:
>
> "(a)   A permanent facility or organization with facilities that *include* inpatient beds, and with medical services, including physician services and continuous nursing services under the supervision of registered nurses, to provide diagnosis and medical or surgical treatment primarily for but not limited to acutely ill patients and accident victims, or to provide treatment for the mentally ill."

(Emphasis added.) The legislature has authorized the department to adopt rules "to effectually carry out the purposes for which it is constituted." ORS 305.100(1). OAR 150-267.380(2)(8)(a) is consistent with ORS 267.380, as we have interpreted it, and neither party challenge the rule's validity. *See U.P.R.R. Co. v. Tax Commission*, 240 Or 628, 632, 402 P2d 519 (1965) (applying tax regulation that was consistent with governing statute).

Defendant is a hospital under the terms of OAR 150-267.380(2)(8)(a). As the Tax Court found, defendant is a permanent organization with facilities that include inpatient beds and medical services "to provide diagnosis and medical or surgical treatment primarily for but not limited to acutely ill patients and accident victims." The fact that defendant operates other nonhospital facilities within the district does

not take it out of that definition.[3] Because defendant is a 501(c)(3) organization that is a hospital, it is an employer for the purposes of ORS 267.380 and thus liable for the payroll tax pursuant to ORS 267.385(1) on all its employees within the district.

The judgment of the Tax Court is affirmed.

---

[3] The Tax Court also appeared to rely on subparagraph (b) of OAR 150-267.380(2)(8). Because that subparagraph applies only to parent and subsidiary corporations, it has no application to defendant, which is a single corporate entity.